(88 Misc. Rep. 9)

### LINCOLN TAXICAB CO. v. SMITH.

(Supreme Court, Appellate Term, First Department. December 4, 1914.)

1. ACTION (§ 5*) — CIVIL ACTION FOR CRIMINAL ACT — NEGLIGENT USE OF STREETS—LIABILITY FOR INJURIES.

An innocent party, injured in consequence of the violation of Highway Law (Consol. Laws, c. 25) § 290, subd. 3, providing that whoever operates a motor vehicle while in an intoxicated condition shall be guilty of a misdemeanor, may recover damages in a civil action.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 25–27, 31–34, 36–39; Dec. Dig. § 5.*]

2. MUNICIPAL CORPORATIONS (§ 706*)—NEGLIGENT USE OF STREETS—ACTION FOR INJURIES—EVIDENCE.

Under Highway Law (Consol. Laws, c. 25) § 290, subd. 3, in an action for damages to a taxicab from defendant's negligent operation of his automobile, and from his careless and reckless operation thereof while intoxicated, evidence that defendant was intoxicated was admissible, and improperly excluded, especially where a disinterested witness testified that defendant's car was going in a wabbly condition at 55 or 60 miles an hour, that the taxicab was struck by the automobile when near the center of a street which it was crossing, and that no collision would have occurred if defendant had directed his car to the rear of the taxicab.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Lincoln Taxicab Company against John H. Smith. From a judgment for defendant on a trial without a jury, plaintiff appeals. Reversed, and new trial ordered.

Argued October term, 1914, before SEABURY, BIJUR, and CO-HALAN, JJ.

Charles M. Kiefer, of New York City, for appellant.

Goldstein & Goldstein, of New York City (Abraham Cupton, of counsel), for respondent.

COHALAN, J. In an action to recover damages for negligence, plaintiff set up two causes of action: (1) It sues for damages, alleging that the defendant so negligently operated his automobile as to injure the plaintiff's taxicab; and (2) it claims damages because the defendant, while in an intoxicated condition, so carelessly and recklessly operated his machine as to injure the plaintiff's taxicab.

[1, 2] The accident occurred at about 1:30 o'clock in the morning at Broadway and Sixty-Ninth street. Plaintiff's taxicab was crossing Broadway at Sixty-Ninth street, when it was struck by the defendant's touring car, going south on Broadway. The defendant was driving his own car, with his chauffeur sitting by his side, and evidence was excluded by the court that at the time the defendant, who had been placed under arrest, was in an intoxicated condition. Under the provisions of Highway Law, § 290, subd. 3, the operation of a motor vehicle by a person in an intoxicated condition is expressly prohibited, and an innocent party injured in consequence of a violation of this statute is entitled to his civil remedy for damages. Massoth v. Delaware & Hudson Canal Company, 64 N. Y. 532. The evidence was material on this ground, and it had a further bearing on the defendant's negligence by reason of the disinterested testimony of the witness Burt. He testified that the touring car was going down Broadway in a "wabbly" condition, and that it was running at the rate of from 55 to 60 miles per hour; that the taxicab was going east across Broadway, and that when it was near the center of the street it was struck by the defendant's car; and that no collision would have occurred if the defendant had directed his car to the rear of the taxicab.

Judgment reversed, and new trial ordered; costs to the appellant to abide the event. All concur.