## JOHN P. SYLVESTER vs. JOSHUA GRAY.

### Franklin.    Opinion March 11, 1919.

*Damages.    Interpretation of R. S., Chap. 26, Sec. 2.    General rules of the road. Burden of party alleging negligence to show that he was in the exercise of due care.*

Plaintiff and defendant were traveling on a State road where for five hundred feet each could see the other approaching. The preponderance of the testimony indicated that the plaintiff was on the wrong side of the road and that he did not turn out or leave his position. The plaintiff offered no explanation of the delay, in turning out.

*Held:*

That the plaintiff had the burden of showing that at the time of the injury he was in the exercise of due care and that no want of due care on his part contributed to the injury.

Action on the case to recover damages on account of alleged negligence on part of the defendant.    Defendant filed plea of general issue and also brief statement.    Verdict for plaintiff in the sum of two hundred dollars.    Defendant filed motion for new trial.    Motion sustained.    Verdict set aside.

Case stated in opinion.

*Thomas D. Austin*, for plaintiff.

*Frank W. Butler*, for defendant.

SITTING:  CORNISH, C. J., SPEAR, HANSON, PHILBROOK, WILSON, DEASY, JJ.

HANSON, J.    Action on the case for injury to the plaintiff's automobile resulting from a collision with the automobile of the defendant. The plaintiff recovered a verdict for $200. and the case is before the court on the defendant's general motion for a new trial.

The evidence shows that the plaintiff's automobile was coasting on a hill over a distance of forty or fifty rods at a speed of at least fifteen miles an hour, and that the automobile was, during the time required to go that distance, on the wrong or left hand side of the road; that

at the moment of impact his automobile was still to the left of the middle of the travelled part of the way. The plaintiff's chauffeur testified that he did not see the defendant's car approaching until he was within 100 feet of the same. The plaintiff's automobile was on the wrong side of the way, the defendant's car on the defendant's right side of the way; but the plaintiff contended that the defendant was intoxicated, and was driving his automobile at a very high rate of speed, as he says, 35 to 40 miles per hour.

Even so, the claim if established, does not place full and exclusive liability upon an intoxicated defendant, and relieve the plaintiff from the exercise of the care which the law generally, and the law of the road particularly, requires of both plaintiff and defendant. An intoxicated driver may still be able to obey the law of the road, and the defendant whether intoxicated or not, was obeying the statute which requires a person "travelling with a team approaching to meet another on a way, to seasonably turn to the right of the middle of the travelled part of it, so far that they can pass each other without interference." R. S., Chap. 26, Sec. 2.

It is clear that the defendant was well out on his right side of the way, when the plaintiff's chauffeur saw his car, and from the evidence and the position of the car after the accident, the defendant at no time encroached upon the lawful rights of the plaintiff.

Was the plaintiff in the exercise of due care and did it appear affirmatively that he did not by his own act or fault contribute to produce the injury? In order to establish his case the plaintiff had the burden to show, by proper evidence the truth of the allegations in his declaration, in which he sets up the claim that he was using due care, and was not chargeable with contributory negligence.

A careful study of the evidence leads to but one conclusion. Both parties to the collision were negligent. The jury found that the plaintiff was not negligent. That conclusion is not supported by the evidence and the jury was not warranted in so finding.

Plaintiff and defendant were travelling on a State road where for five hundred feet, each could see the other approaching. The testimony of the sheriff who was on the scene early, indicates that the plaintiff did not turn out or leave his position on the wrong side of the way. The plaintiff has offered no explanation of the delay in turning. He has the burden of showing that no want of due care on his

part contributed to the injury. *McCarthy* v. *Railroad Co.*, 112 Maine, 1. And that at the time of the injury he was in the exercise of due care. *Gleason* v. *Brewer*, 50 Maine, 22; *State* v. *M. C. R. R. Co.*, 76 Maine, 357; *Fournier* v. *Mfg. Co.*, 108 Maine, 357; *Bragdon* v. *Kellogg*, 118 Maine, 42.

His testimony fails to sustain the burden in either respect.

It appears from the whole record that the verdict is clearly wrong. The entry will be,

> *Motion sustained.*
> *Verdict set aside.*