(88 South. 662)

**WISE et al. v. SCHNEIDER.** (6 Div. 286.)

(Supreme Court of Alabama. April 21, 1921.)

1. **Municipal corporations ⊙═706(4)—Intoxication of auto driver admissible on issue of negligence.**

While intoxication of the driver of an automobile, which ran into a pedestrian, is of itself no ground of liability if he nevertheless exercised the care of a reasonable driver, it is admissible on the issue of negligence, where the evidence as to negligence is conflicting, or different, inferences might be drawn therefrom.

2. **Municipal corporations ⊙═705(4)—For intoxicated person to drive auto in violation of statute, negligence per se.**

For one while intoxicated to drive an automobile on a street, in violation of Acts 1911, p. 645, § 28, making it a misdemeanor to do so in such condition, is negligence per se, though to make it ground of liability to one run into by such driver it must have been a proximate cause of the injury.

3. **Municipal corporations ⊙═706(2) — Charge of negligent driving of auto sufficient to include driving while intoxicated.**

Charge of negligence in complaint that defendant so negligently ran an auto in a street that it ran over plaintiff's intestate is broad enough to include negligence of driving while intoxicated.

4. **Appeal and error ⊙═688(2)—Bill of exceptions held not to show with certainty to whom argument was addressed.**

Bill of exceptions to refusal to instruct the jury to disregard argument *held* not to show with certainty whether the argument was addressed to the court or jury, and so not to call for determination of whether, if addressed to the jury, it would have been reversible error to deny the motion to exclude it.

⊙═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Evidence ☞249(1)—Statement of partner after accident not admissible against copartner.**

Relative to whether the employé of a firm was acting in the scope of his employment when he drove the firm's auto against plaintiff's intestate, conversation of one of the partners with plaintiff after the accident, in which he said the driver was trying out the car, was inadmissible against the other partner.

**6. Trial ☞241—Instructing as to duty under statute proper.**

Where a statute or ordinance prescribes duties of persons driving auto over highways, with respect to safety of others, it is proper for the court to instruct the jury as to the legal duties thus imposed.

**7. Witnesses ☞281—Question improperly assumes existence of duty not shown.**

Question to witness, on cross-examination, in an automobile accident case, "Don't you know it is your duty to keep to the right, close to the right, when turning a corner?" is improper, as assuming the existence of a duty not prescribed by any statute, nor by any ordinance, so far as appears.

**8. Evidence ☞265(15)—Duty cannot be shown by admission.**

The existence of a duty, which is a matter of law, cannot be established by the mere admission of a witness.

**9. Witnesses ☞280—Question held to call for pure speculation.**

The question on cross-examination, "If he had thrown it in reverse, is it possible that he might have saved the boy's life?" asked after witness had stated that the driver of a car stopped it with the foot and emergency brakes, and that he did not know if he could have stopped it without hitting the boy by throwing it in reverse, and that it was his best judgment that he could not have stopped it any quicker by putting it in reverse, was improper, as calling for a pure speculation or conjecture, and not for a legitimate expert opinion on a matter as to which he was qualified to speak.

**10. Municipal corporations ☞706(5)—Negligence causing collision from not using other means of stopping car held not shown.**

Negligence causing collision of auto with person on street by not putting it in reverse, instead of using foot and emergency brakes, *held*, in view of circumstances, not shown by statement merely that the driver could, by reversing, have stopped the car sooner than he did; how much sooner, not being shown.

Appeal from Circuit Court, Cullman County; O. Kyle, Judge.

Action by Fred Schneider, administrator of Henry K. Schneider, deceased, against Tony Wise and others, for death of plaintiff's intestate in an automobile collision. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

· Sample & Kilpatrick, of Hartsell, for appellants.

The affirmative charge should have been given for the defendant. 202 Ala. 252, 80 South. 90; 175 Ala. 108, 56 South. 984; 197 Ala. 473, 73 South. 33; 20 R. C. L. 194. The question to the witness Davis as to his duty in turning a corner was objectionable. 188 Ala. 375, 66 South. 441; 193 Ala. 614, 69 South. 137. So, also, was the question to the witness Newsome. Authority supra. The court should have granted motion for new trial. 17 Ala. App. 25, 81 South. 361; 1 Bailey, Personal Injury, pp. 560, 563, 568, and authorities supra.

William E. James, of Cullman, for appellee.

Under count 1 the evidence supported the general averment of negligence, and denied to the defendant the affirmative charge. 169 Ala. 612, 53 South. 812. The plaintiff is entitled to recover, even though his intestate was guilty of some negligence. 187 Ala. 622, 65 South. 984. There was no error in the admission of evidence. Jones on Evidence, § 811; 16 Ala. App. 461, 78 South. 724.

SOMERVILLE, J. Count 1 of the complaint, upon which the cause was submitted to the jury, charged that the defendant Davis, an employé of the other defendants Wise and Patillo, while acting within the line and scope of his employment, "so negligently run an automobile belonging to said Wise and Patillo, a partnership, as aforesaid, in a public street in the city of Cullman, Ala., as that it run over, upon or against plaintiff's intestate and killed him."

[1] Plaintiff offered evidence tending to show that Davis, who was driving the car, was intoxicated at the time. Such intoxication of itself furnishes no ground for liability if the driver has nevertheless exercised the care of a reasonably prudent driver. Sylvester v. Gray, 118 Me. 74, 105 Atl. 815; Wynn v. Allard, 5 Watts & S. (Pa.) 524; Huddy on Automobiles, 358, § 294. But evidence of intoxication is admissible on the issue of negligence vel non, where the evidence as to negligent conduct is in conflict, or conflicting inferences may be drawn therefrom. Wynn v. Allard, 5 Watts & S. (Pa.) 524; Lincoln Taxicab Co. v. Smith, 88 Misc. Rep. 9, 150 N. Y. Supp. 86.

[2] So, also, under the provisions of the act approved April 22, 1911 (Gen. Acts 1911, pp. 634, 645, § 28), "whoever operates a motor vehicle while in an intoxicated condition shall be guilty of a misdemeanor"; and a violation of this law is clearly an act of negligence per se. Stewart v. Smith, 16 Ala. App. 461, 78 South. 724; Lincoln Taxicab Co. v. Smith, 88 Misc. Rep. 9, 150 N. Y. Supp. 86. But of course liability must in all cases

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

be grounded upon its proximate causation of the injury complained of.

[3] We think the charge of negligence in the complaint is broad enough to include negligence by reason of the driver's intoxication, and the trial judge did not err in admitting such evidence, and allowing plaintiff's attorney to read to the court in the hearing of the jury the pertinent provision of the act above referred to. But, as the bill of exceptions recites:

"Plaintiff's attorney then began to and was permitted to argue, over defendants' objections, that the defendant George Davis, if drunk, was operating the automobile at the time of the accident in violation of the criminal laws of the state of Alabama, and that the defendants were liable in this cause *irrespective of the facts and circumstances*, if Davis was drunk while operating said automobile, and at the time of the accident." (Italics supplied.)

Defendants seasonably objected to this argument, and moved the court to instruct the jury that it was illegal and improper, and should not be considered by them in reaching a verdict, which objection and motion were overruled.

[4] The bill of exceptions does not show with any certainty whether the obnoxious argument was addressed to the court or to the jury, and hence we are not called upon to determine whether, if it had been addressed to the jury, the ruling of the trial court in denial of defendant's motion to exclude it would have been reversible error.

[5] Upon the evidence before them, the jury were justified in finding that Davis was acting within the line or scope of his employment by Wise and Patillo, and that they were civilly responsible for his tortious conduct, if such there was. But the conversation between plaintiff and Wise, in which the latter is said to have stated, after the occurrence, that "Davis was trying out the car," was improperly admitted as to Patillo, and his objection thereto was improperly overruled.

[6, 7] Where a statute or ordinance has prescribed the duties of persons who are driving vehicles over highways, with respect to the safety of other vehicles or persons, it is proper for the trial judge to instruct the jury as to the legal duties thus imposed. But it was not proper to ask defendants' witness Newsome, who was in the car, but not driving it, "Don't you know, as a driver of a car, that it is your duty to keep to the right when turning a corner?" and "to keep close to the right when turning a corner?" The question assumes the existence of a duty not prescribed by any statute, nor by any municipal ordinance of Cullman, so far as appears, and it was not within the legitimate range of a general cross-examination of the witness.

[8, 9] The same questions were directed to defendants' witness Davis, who was driving the car, and they should also have been excluded. The existence of a duty is a matter of law, and cannot be established by the mere admission of a witness. The testimony of Davis and Newsome was that when the boy's danger became apparent Davis applied both the foot and emergency brakes, which stopped the car quickly, but caused the locked hind wheels to skid for six or eight feet, and that he did not reverse the engine. The witness Newsome testified on cross-examination:

"I do not know if he [Davis] could have stopped the car without hitting the boy by throwing the car in reverse or not. My best judgment is that he could not have stopped it any quicker by putting it in reverse than he could with the foot brake. * * * He could have stopped the car by throwing it in reverse."

Then followed the question, "And if he had thrown it in reverse, is it possible that he might have saved the boy's life?" to which the witness answered, "He could have; I don't say he could have kept from hitting him, but he could have stopped the car sooner than he did." The question was manifestly improper, since it called for a pure speculation or conjecture on the part of the witness, and not for a legitimate expert opinion upon a matter as to which he was qualified to speak. The witness' answer that Davis could have thus saved the boy's life was no doubt highly prejudicial to defendants, and the trial judge's refusal to exclude the question was reversible error.

[10] If there is anything in the evidence tending to show defendants' culpable causation of the tragedy, it must be found, we think, in the fact that Davis did not resort to the reversal of the engine as a means of stopping the car, either alone or in addition to his use of the brakes. Conceding as true the statement of Newsome that by reversing the engine Davis "could have stopped the car sooner than he did" (though this was completely contradicted by all of the witness' other testimony), we are unable to see, in view of the undisputed evidence of the circumstances of the collision and its tragic result, how negligence can be imputed to the choice of agencies made by Davis; or how the failure to stop the car sooner—it may be only a second or two sooner, so far as appears—could have made any difference in the result. On that issue it seems to us that the overwhelming weight of the evidence was against the finding of the jury, and we think that the verdict should have been set aside on the motion of defendants, in the absence of something more substantial upon which it could be supported.

We find no error in the other rulings complained of.

For the errors in the rulings noted, the judgment will be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.