KOMFAR, Appellant, vs. MILLARD, Respondent.

*November 10—December 5, 1922.*

*Automobiles: Negligence: Law of the road: Collision with buggy: Loss of control of car: Excuse: Questions for jury.*

1. There being conflicting evidence as to whether defendant's automobile, which overtook and collided with a buggy in which plaintiff was riding, struck the buggy from the rear or whether it had turned out to pass and, when the driver lost control of the car, struck it on the side, the question was for the jury, because if they determined that the buggy was struck from the rear they might infer negligence on the part of the defendant in driving so close before turning out.

Komfar v. Millard, 179 Wis. 79.

2. Where defendant, in explanation of the collision, testified that a bug or leaf blew through an open window into his face and caused him to temporarily lose control of his car, the question whether his loss of control was excusable and the issue as to his negligence in trying to pass closer than four feet, in violation of sec. 1636—49a, Stats. 1919, then in force, are properly questions for the jury.

APPEAL from a judgment of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Reversed.*

The appeal is from a judgment entered upon a verdict directed for the defendant.

The action was for personal injuries sustained by the plaintiff while driving a horse and buggy on May 29, 1921, on a public highway in the city of Milwaukee, by collision from behind with an auto driven by defendant.

The plaintiff and a companion, both men, were driving a horse attached to a buggy, in which they were riding along a street in the city of Milwaukee in May, 1921. They were on the right side of the street, the horse going at a walk. The defendant approached from behind in a Hudson-Six inclosed car, which he was driving, and sitting on the seat with him was a Mr. Nugent. In the rear seat sat the wives of the two men. As they approached the buggy defendant claims he turned to the left to pass by it. Plaintiff claims the car hit his buggy from behind. Just at this point the defendant claims that some object flew into or in front of his face through the open window at his left. He did not know what it was, whether a bug or a leaf or some other object. He claimed that he brushed his face with one hand and momentarily lost control of his car, which ran into the buggy and smashed the left hind wheel and pulled off the right forward fender of the car. The occupants of the buggy were thrown to the ground. The plaintiff was injured.

The circuit judge directed a verdict for the defendant.

For the appellant there was a brief by *Richter & Nebel* of Milwaukee; and oral argument by *A. W. Richter.*

*Henry J. Bendinger* of Milwaukee, for the respondent.

CROWNHART, J.   There are two reasons why this case must be reversed:

*First.* There is a dispute as to how the accident happened, whether the buggy was hit from behind, or whether the driver of the automobile had turned out of the road to pass the buggy and then lost control of his car and struck the buggy from the side.   This is important.   If he struck the buggy from behind, this is a pertinent fact bearing on the question of his negligence.

A woman witness for the plaintiff, who saw the accident at a distance of a block and a half, testified:

"As much as I saw, the automobile just hit the buggy from the back. . . . When I saw the two men they were lying alongside of the buggy, close to the car tracks, and the automobile was right behind the buggy. . . . When I reached the scene of the accident the automobile was standing right behind the buggy."

Fred Fischer, who viewed the accident 150 feet away, said that the automobile "was standing just a little behind the buggy" immediately after the accident.

Andreas Matanse, who was with the plaintiff in the buggy at the time of the accident, testified:

"The first thing I knew something had hit us from the rear. . . . At the time I fell down out of the buggy, I looked to see who had hit us, and then I saw the machine in back of us.   Our buggy was about two feet from the curb, and the automobile was right behind us."

"When we got about to Fifty-fourth street, something came from the rear and hit us, and I fell out on the right side onto the curb."

The plaintiff testified:

Mr. Nugent, who was riding in the seat beside the defendant, says:

"I saw the bumper of the car catch the wheel of the buggy, I could see it by looking straight out of the windshield of the car."

Mrs. Nugent, who was in the car, said:

"As he [defendant] turned out to pass something in the street, a bug of some kind flew in the window and *Mr. Millard* threw his head back and his hat fell off. Just then he turned the wheel and something caught."

The defendant's testimony was as follows:

"I turned out to pass him and turned out about four feet to the south of the buggy. I wanted to give him plenty of room. . . . I had slowed down to less than ten miles an hour when I passed him. . . . As I was going by I just got practically up going around and the window of my car was open, and something or other blew in, it might have been a bug, might have been a leaf, a bee or something, I don't know, blew right in my face, and I sort of brushed it down with one hand, and as I looked we were caught, the wheel was caught in the bumper, and immediately when that happened I put on the brakes, put on the clutch and the brake and stopped my car."

There was other evidence in support of this contention. This clearly made it an issue of fact for the jury. If the jury should find, as they would have a right to find under the evidence, that defendant struck the buggy from the rear, they might reasonably infer that he was guilty of negligence in driving so close to plaintiff before turning out.

*Second.* On the defendant's version of the accident and how it happened, it became a question of fact for the jury to determine whether he exercised ordinary care. It is not every emergency that will justify the driver in losing control of his car. Ordinarily that will be an inference to be drawn by the jury from the facts presented. Here the

defendant's duty under the law was to turn out and give the plaintiff a safe clearance of four feet; as the law then stood (sec. 1636—49a, Stats. 1919, repealed July, 1921). If he did so, and a bug or a leaf or some similar object should fly in his face without blinding him or seriously injuring him, it is well within the province of the jury to find whether that was sufficient to excuse his losing control of his car and turning into the side of the buggy. Here the defendant was able to remove the object from his vision by a quick brush of one hand. The other hand should have been on the wheel, and ordinarily that would be sufficient to keep the car in line. The jury might well find the defendant guilty of want of ordinary care in running into the plaintiff's buggy, as he testified he did.

*By the Court.*—The judgment is reversed, with directions to grant a new trial.