DEVINE, Respondent, vs. BISCHEL and another, Appellants.

*April 4—May 1, 1934.*

For the appellants there was a brief by *Sanders & McCormick* of Milwaukee, and oral argument by *A. J. Sanders.*

For the respondent there was a brief by *Puhr & Van de Water* of Sheboygan, and oral argument by *Henry Van de Water.*

FRITZ, J.   Shortly after 6 p. m., on December 30, 1931, plaintiff was injured as the result of a collision between his Ford automobile and an automobile operated by the defendant Bischel.   The collision occurred on a straight, graveled highway, the traveled portion of which was sixteen feet wide, bordered by shoulders five feet wide.   Plaintiff relied on proof that as he was driving westward up a hill fifteen hundred feet long, his automobile became stalled when it was one thousand feet from the top of the hill, and one foot from the north shoulder of the road; that he believed his gasoline supply was too low, and therefore stepped out on the left side of his automobile and measured the amount in the tank, which was under the driver's seat; and that before he could resume his seat, Bischel's automobile came from over the crest of the hill at the rate of fifty to sixty miles per hour, and collided with plaintiff's automobile in such a manner as to knock him down.   On the other hand, the defendants relied on proof which, although disputed, would have warranted the jury in finding that shortly before the collision plaintiff was so intoxicated that he had had difficulty in walking and in starting his automobile; that at the time of the collision plaintiff's gasoline supply was not so low as to cause his automobile to become stalled; that he was then driving at the rate of ten miles per hour, but two to three and one-half feet south of the center of the traveled

portion of the highway; and that he failed to yield half thereof for Bischel to pass.

Because of the conflicts in the evidence, there were issues of fact for the jury, in several respects. The court prepared questions for a special verdict, but they were merely general questions as to whether Bischel, on the one hand, and plaintiff, on the other hand, were guilty of negligence which was a proximate cause of plaintiff's injury; whether the negligence attributable to plaintiff was greater than that of Bischel and, if so, what amount of the damages sustained by plaintiff was attributable to his negligence. Immediately upon the proposed submittal of those questions in such omnibus form, defendants' counsel objected thereto because the questions, as prepared by the court, did not permit the jury to pass upon the specific issues of negligence which arose under the evidence. Defendants' counsel then duly requested the submittal of the following question:

"At the time of the collision was Lawrence Devine under the influence of intoxicating liquor to such an extent that it materially interfered with his ability to operate his automobile?"

and also questions as to whether the plaintiff's automobile was in motion or had stopped at the time of the collision; whether defendants' automobile was then on the right or on the left-hand side of the highway; and a similar question as to plaintiff's automobile. All of those requests were denied, but the court attempted to cover the issues to which they related by appropriate instructions.

The jury, in answer to the court's omnibus questions, found that Bischel, as well as plaintiff, was guilty of negligence which was a proximate cause of plaintiff's injury; and that Bischel's negligence was greater than plaintiff's negligence. However, in view of the omnibus form of the questions, it is impossible to determine whether the necessary

number of jurors had agreed that Bischel was wrongfully driving on his left side of the road, and therefore negligent, or whether they had agreed that he was negligent in respect to speed, or to control, or some other matter, or whether the necessary number of jurors had, in fact, not united in finding that Bischel was negligent either in driving on his left side of the road, or in respect to speed, or to control. Manifestly, although the jurors may not have united in agreeing that Bischel was negligent in respect to driving on the wrong side of the road because, for instance, four of them believed otherwise, the latter, if they believed Bischel negligent in some other respect, not concurred in by the other jurors, could nevertheless have honestly united with the others in finding Bischel negligent under the omnibus question. Thus, although a sufficient number of jurors may not have agreed as to any particular set of ultimate facts, which would have constituted negligence on the part of Bischel, nevertheless, because of the submittal of the question in the omnibus form, there would erroneously appear to have been an agreement. Consequently that form of question deprived defendants of the right to have specific findings of the jury in respect to every set of facts upon which negligence on the part of either Bischel or the plaintiff was charged. As this court has said:

"It is the function of a special verdict to secure a finding by the jury on each question litigated. In negligence cases each ground of negligence constitutes a distinct litigated question, and proper practice requires that the jury be given an opportunity to find specially with reference to each particular ground of alleged negligence. This cannot be accomplished by the submission of an omnibus question in which the jury is required to find generally upon the question of negligence." *Matuschka v. Murphy,* 173 Wis. 484, 487, 180 N. W. 821; *Gherke v. Cochran,* 198 Wis. 34, 222 N. W. 304, 223 N. W. 425; *Rowley v. Chicago, M. & St. P. R. Co.* 135 Wis. 208, 217, 115 N. W. 865.

Since the enactment of sec. 331.045, Stats., relating to comparative negligence, it is even more important, whenever that statute is applicable, to have specific findings as to every set of ultimate facts upon which negligence is predicated. *McGuiggan v. Hiller Brothers*, 214 Wis. 388, 253 N. W. 403. To enable the jurors, in the first instance, to properly compare the negligence of the respective parties, and to enable the court, finally, to pass upon the jury's determination in that respect on the motions after verdict, it is necessary to first have the jury's findings as to every set of facts which could constitute causal negligence. Thus in the case at bar, for the correct determination of that ultimate issue of comparative negligence, it is necessary to know whether the jury found plaintiff negligent because they considered him negligent in respect to driving while so intoxicated that it materially interfered with his ability to operate his automobile, and also in respect to driving on the wrong side of the road, or whether they considered him negligent in only one of those respects, and, if so, which one. Manifestly, in view of the omnibus form of the questions, it is impossible to determine what particular set or sets of facts as to negligence on the part of the respective parties entered into the comparison which the jurors were required to make, and, consequently, the verdict is too indefinite to enable the court to pass upon the jury's finding as to comparative negligence.

The question requested in respect to plaintiff's intoxication called for an answer, which, if found adversely to plaintiff, was of material significance. Sec. 85.13, Stats., which provides (so far as here material) that "it shall be unlawful for any person . . . who is under the influence of an intoxicating liquor . . . to operate any vehicle upon any highway," is a safety statute. As such—

"it imposes on every person the absolute duty of obedience to it. By it the legislature has fixed the standard of care by which the conduct of all persons is measured. It covers the

elements of want of ordinary care and reasonable anticipation of injury involved in actionable negligence." *Wiese v. Polzer,* 212 Wis. 337, 340, 248 N. W. 113, 115; *Morley v. Reedsburg,* 211 Wis. 504, 248 N. W. 431.

Whenever there is the necessary causal relation between an injury and the violation of such a statute by an injured person, then the violation constitutes contributory negligence on his part. *Wiese v. Polzer, supra; Morley v. Reedsburg, supra.* That rule is applicable to violations by operating a vehicle upon the highway while intoxicated. *Wise v. Schneider,* 205 Ala. 537, 88 So. 662, 663; *Stewart v. Smith,* 16 Ala. App. 461, 78 So. 724; *Lincoln Taxicab Co. v. Smith,* 88 Misc. 9, 150 N. Y. Supp. 86; *Bray-Robinson Clothing Co. v. Higgins,* 210 Ky. 432, 276 S. W. 129; *Packard v. O'Neil,* 45 Idaho, 427, 262 Pac. 881, 885. See also *Holborn v. Coombs,* 209 Wis. 556, 564, 245 N. W. 673, 675. Even in the absence of a safety statute such as sec. 85.13, Stats., evidence of voluntary intoxication on the part of an injured person has been held (in cases not involving the operation of an automobile) to constitute proof from which the jury could infer such negligence as would bar a recovery by the injured person, if the attendant facts so warrant and it proximately contributed to his injury. *Rhyner v. Menasha,* 107 Wis. 201, 209, 83 N. W. 303; *Ward v. Chicago, St. P., M. & O. R. Co.* 85 Wis. 601, 605, 55 N. W. 771; Annotations in 40 L. R. A. 132; 47 L. R. A. (N. S.) 733. Likewise, without any reference to sec. 85.13, Stats., we held in *Tomasik v. Lanferman,* 206 Wis. 94, 97, 238 N. W. 857, that, in view of the distressing accident and the driver's reckless conduct, as established by the evidence, the operation of the automobile by the one intoxicated constituted not merely a want of ordinary care, but responded so fully to all of the elements necessary to constitute gross negligence, that the jury's finding to that effect should not be disturbed. See also *People v. Townsend,* 214 Mich. 267, 183 N. W. 177, 16 A. L. R. 902.

Error is also assigned in respect to the following instruction:

"If you find that said Lawrence Devine's Ford automobile stopped running when he was ascending the hill and he was unable to start it and the lights on his Ford automobile were burning and remained burning and he was attempting to start his automobile, that would and did cause an emergency and a disability which Lawrence Devine could not help and would not be a want of ordinary care on the part of said Lawrence Devine, and if you so find you will answer this question No. 5 'No.'"

That instruction was incorrect because the statement that such stopping of the automobile under the circumstances mentioned would not constitute negligence on plaintiff's part, should have been qualified by adding as a proviso, that such stopping would not constitute such negligence *unless* some negligence on plaintiff's part proximately contributed to cause that stopping, or the failure to start again in time to avoid the collision. If plaintiff's automobile stopped running, or he was unable to start it again, because intoxication, or negligence in some other respect, on his part, so materially affected his operation thereof that it stopped or he could not start it, then, if his negligence brought on the emergency, the latter does not relieve him from the consequences of his negligence. "The emergency rule does not apply to one who is negligent in getting into a situation of impending danger." *Chevinskas v. Wilcox,* 212 Wis. 554, 250 N. W. 381, 382; *Hanson v. Matas,* 212 Wis. 275, 249 N. W. 505; *Bentson v. Brown,* 186 Wis. 629, 636, 203 N. W. 380; *Komfar v. Millard,* 179 Wis. 79, 82, 190 N. W. 835; *Johnson v. Prideaux,* 176 Wis. 375, 378, 187 N. W. 207; *Williams v. Duluth St. R. Co.* 169 Wis. 261, 171 N. W. 939.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.