WEDEL (MARGARET), Plaintiff, vs. KLEIN and others, Defendants and Respondents: WEDEL (JOSEPH) and another, Impleaded Defendants and Appellants.

*November 7—December 6, 1938.*

420

For the appellants there was a brief by *Regan & McCue* of Milwaukee and *Arno J. Miller* of Portage, and oral argument by *Mr. Miller.*

For the respondents there was a brief by *Rogers & Owens* of Portage, and oral argument by *Harlan B. Rogers.*

NELSON, J. The jury by its verdict found the defendant, Klein, guilty of both ordinary and gross negligence. Such findings were in response to questions which permitted the jury to so find. Upon motions after verdict, the trial court no doubt realized that under the law of this state, ordinary negligence and gross negligence are distinct kinds of negligence and do not grade into each other; that ordinary negligence lies in the field of inadvertence and gross negligence in the field of actual or constructive intent to injure. See *Bentson v. Brown,* 191 Wis. 460, 211 N. W. 132, and numerous cases cited in that opinion. The trial court probably further realized that the jury should not have been permitted to find that Klein was guilty of both ordinary and gross negligence and that the verdict rendered was therefore inconsistent. *Bentson v. Brown, supra.*

In disposing of the verdict the trial court held that the evidence introduced and received upon the trial was insufficient to sustain a finding of gross negligence on the part

of Klein, but it did not change the answer to the question relating to gross negligence. It simply held that the finding in respect to gross negligence amounted to a second finding of ordinary negligence and, under the rule and practice followed by this court in *Theby v. Wisconsin Power & Light Co.* 197 Wis. 601, 613, 222 N. W. 826, 223 N. W. 791, it should be held that Klein was found guilty of only ordinary negligence. In the *Theby Case* it was considered that the instructions to the jury upon the trial of the action were wholly insufficient to inform the jury as to what constituted gross negligence, and therefore the finding of the jury under the circumstances of that case was treated as a second finding of ordinary negligence. While the instructions of the trial court in the present action were decidedly faulty in that they failed to inform the jury as to the elements constituting gross negligence, the court clearly did attempt to submit that issue to the jury and did attempt to instruct the jury with respect to gross negligence. It was specifically asserted in the cross complaint of defendants, Wedel and Milwaukee Automobile Insurance Company, that Klein was guilty of gross negligence and that issue as between the defendants was of vital importance in determining the question of contribution. *Zurn v. Whatley,* 213 Wis. 365, 251 N. W. 435.

In our opinion, it may not be said here, as was said in the *Theby Case*:

"As the case was submitted, the finding of the jury with respect to gross negligence was no more than a second finding that the defendant was guilty of ordinary negligence as that term is defined."

The trial court therefore erroneously followed the *Theby Case*.

As before stated, the court, in disposing of the motions after verdict, held that the evidence adduced upon the trial was insufficient to support a finding of gross negligence on the part of Klein. It may be that a jury, fully and properly

instructed with respect to the elements of gross negligence, might hesitate to find Klein guilty of such negligence. However, if a jury, properly instructed, should find upon such evidence as was adduced at the trial, or upon substantially similar evidence, that Klein was guilty of gross negligence, such finding would probably have to be sustained. See *Tomasik v. Lanferman,* 206 Wis. 94, 238 N. W. 857, and a subsequent case, *Devine v. Bischel,* 215 Wis. 331, 254 N. W. 521, in which the holding in the *Tomasik Case* was explained. It is therefore our opinion that the trial court erred in holding as a matter of law that the evidence adduced was insufficient to support a finding of gross negligence.

The situation which confronted the trial court in this action may arise again in that court or in other courts in this state. So we deem it advisable to suggest the proper course to pursue in such situations. Where a plaintiff alleges a cause of action based on ordinary negligence and one of the defendants, or his insurance carrier, asserts that another defendant was at the time of the accident, guilty of gross negligence, the question of the defendants' negligence should be submitted to the jury in the alternative, accompanied by proper instructions to the effect that if the questions respecting gross negligence be answered "yes" then in that case the questions respecting ordinary negligence need not be answered, and that if the questions respecting gross negligence be answered "no" then the questions respecting ordinary negligence should be answered. Such a verdict, when rendered, will not be subject to the criticism that it is inconsistent and such a verdict will serve as a basis for a judgment in favor of the plaintiff, if the questions are answered in his favor, as well as a basis for a proper judgment respecting contribution between the defendant tort-feasors, should both be found guilty of negligence. If the plaintiff does not allege a cause of action based upon gross negligence there

should, of course, be no occasion for submitting to the jury a question regarding punitory damages. For the reasons stated, the judgment so far as it relates to contribution between the defendants, must be reversed for a new trial so that the question whether Klein was guilty of gross negligence may be determined.

The defendant, Hardware Mutual Casualty Company, contends that the doctrine of gross negligence in negligence cases was promulgated originally by the courts in order that the rigorous rules regarding the effect of contributory negligence might be circumvented; that in a state like Wisconsin where the comparative-negligence doctrine exists, there can be no good reason for adhering to the gross-negligence doctrine, and that therefore our law in respect to gross negligence should be reconsidered and restated. The Hardware Mutual Casualty Company further contends that the law of contribution between joint tort-feasors as it now exists in this state should be reconsidered, and that it should now be held that contribution between tort-feasors should be based upon a comparison of the degrees of their fault, expressed in percentages, rather than a fifty-fifty basis, which is our present rule regardless of the degrees of fault. *Brown v. Haertel,* 210 Wis. 354, 244 N. W. 633, 246 N. W. 691. We deem the contentions, and the discussions in support of them, very interesting but not sufficiently convincing to move us at this time to reconsider and abolish our rule with respect to gross negligence or our rule with respect to contribution between tort-feasors.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial on the question of the gross negligence of Llewellyn Klein.