Misiewicz and another, Appellants, v. Waters and another, Respondents.

*March 30—April 28, 1964.*

514

For the appellants there was a brief by *Charlton, Yanisch, Binzak & Ritchay* of Milwaukee, and oral argument by *William A. Ritchay.*

For the respondents there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Clayton R. Hahn*

of counsel, all of Milwaukee, and oral argument by *Mr. Hahn.*

BEILFUSS, J. The issues presented by the parties can be stated in one question. Was it prejudicial error to give the defendant the benefit of the emergency instruction?

The emergency instruction given by the trial court was adopted from the standard instruction appearing in Wis J I—Civil, Part I, 1015:

"I would further instruct you in connection with Question One that drivers of motor vehicles who are suddenly confronted by an emergency, not brought about or contributed to by their own negligence, and who are compelled to act instantly to avoid collision or injury, are not guilty of negligence if they make such choice of action or inaction as an ordinarily prudent person might make, if placed in the same position, even though it should afterwards appear not to have been the best or safest course. You will bear in mind, however, that the rule just stated does not apply to any person whose negligence wholly or in part created the emergency. One is not entitled to the benefit of the emergency rule unless he is without fault in the creation of the emergency."

One of the contentions of the plaintiff is that if the instruction was properly given to the jury it should apply to both drivers and not only to the defendant. This position is based upon the fact that both parties claim the other driver invaded their lane of traffic.

This contention cannot be sustained. The evidence of the plaintiff is that she was properly stopped in a position to make a left turn and that while so stopped the defendant invaded her lane and struck her vehicle. There is nothing in the evidence, nor any claim made by her, that she acted or failed to act in response to a hazard or emergency that suddenly confronted her. The emergency doctrine is designed

to excuse conduct, either action or inaction, that might other-wise be negligent, when such conduct is motivated by a sud-den emergency and without time for sufficient reflection.

The principal argument advanced by the plaintiff is that the defendant was not entitled to the benefit of the emergency instruction because he was negligent as to lookout as a matter of law. *Borowske v. Integrity Mut. Ins. Co.* (1963), 20 Wis. (2d) 93, 121 N. W. (2d) 287, is cited as authority for this position.

Ordinarily the application of the emergency rule is for the jury. *Thorp v. Landsaw* (1948), 254 Wis. 1, 7, 35 N. W. (2d) 307, and cases therein cited. The *Borowske Case* does hold that it is error to give a driver the benefit of the instruc-tion where such driver is negligent as to lookout as a matter of law. We cannot hold as a matter of law, under the facts of this case, that the defendant was negligent as to lookout. The defendant had a view of the oncoming traffic when he was 1,300 feet from the intersection. He testified that from this position he did see a line of several cars approaching him from the opposite direction, that he did not specifically see the plaintiff's car until he was 200 to 300 feet from her and that he did not realize she was making a left turn until he was about 150 feet from the position of her car. These facts create a jury issue as to lookout, and distinguish it from the *Borowske Case*. To give the defendant driver the benefit of the emergency instruction was not error by virtue of the factual dispute presented here.

The jury, after some deliberation, returned for additional instructions as to the rules of the road on making a left turn. In response thereto the trial court repeated all of the instruc-tions as to specific elements of negligence on the part of both drivers including the emergency instruction. The plaintiff claims that to give the emergency instruction twice em-phasized the instruction and gave the defendant unfair ad-vantage. The court did not give only the emergency

instruction insofar as defendant was concerned but all the instructions as to his possible specific acts of negligence. It is difficult to conclude that this was detrimental to the plaintiff—it may well have been beneficial. In any event the necessity and extent of the additional instructions must rest in the sound discretion of the trial court. There is no showing here of an abuse of such discretion.

There is ample credible evidence to sustain the jury's verdict as to the liability questions submitted to them.

Because of our determination as to the liability issues, no useful purpose is served in discussing the cross issue of excessive damages.

*By the Court.*—Judgment affirmed.

DIETERICH, J., took no part.