Rose M. GARCEAU, Plaintiff-Appellant,

Robert YANDA, and Shawano Co. Dept. of Social Services, Plaintiffs,

v.

Verryl BUNNEL, and Milwaukee Guardian Insurance, Inc., Defendants-Respondents.†

Court of Appeals

*No. 88–0419. Submitted on briefs October 28, 1988.—Decided December 6, 1988.*

(Also reported in 434 N.W.2d 794.)

† Petition to review denied.

For appellant there were briefs filed by *Robert J. Reinertson* of *Trembath, Hess & Daubert, S.C.,* of Wausau.

For defendants-respondents there was a brief filed by *Mark A. Klinner* of *Terwilliger, Wakeen, Piehler & Conway, S.C.,* of Wausau.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Rose Garceau appeals a judgment affirming a verdict that found Verryl Bunnell not negligent in an accident involving both parties. Garceau seeks a new trial on liability and damages. The issue on appeal is whether the trial court erred when it submitted an emergency jury instruction and an instruction requiring Garceau to mitigate her damages by obtaining vocational retraining. Because the trial court erroneously concluded that an emergency situation existed, we grant a new trial on the issue of liability. Additionally, because the instruction on Garceau's duty to obtain vocational training as part of her obligation to mitigate damages constitutes error, we grant a new trial on damages relating to past and future earnings.

On May 25, 1986, Bunnell, while driving a car, crossed into the oncoming traffic lane and struck Garceau nearly head on while she was driving a tractor. Bunnell contends that an insect flew into his car and struck him in the cheek as he and Garceau approached a rise in the highway. As Bunnell swatted the insect, he drove over the rise into the opposite lane of traffic and struck Garceau, who suffered serious injuries.

At trial, the court submitted a jury instruction that raised Bunnell's defense that he faced an emergency situation and became incapacitated at the time of the collision because an insect struck him in the cheek. Also, over Garceau's objection, the trial court instructed the jury that Garceau's duty to mitigate her damages included obtaining vocational retraining in order to improve her earning capacity.

The jury found Bunnell not negligent and awarded Garceau damages in the amount of $118,455.28. Garceau seeks a new trial on the issues of both liability and damages.

It is undisputed that a trial court has broad discretion in instructing a jury. *State v. Vick,* 104 Wis. 2d 678, 690, 312 N.W.2d 489, 495 (1981). A trial court instructs the jury of the applicable law and assists the jury in making a reasonable analysis of the evidence. The appropriateness of a particular instruction, however, turns on a case-by-case review of the evidence. *Id.* at 690–91, 312 N.W.2d at 495. Prejudicial error will not be found unless a reviewing court can reasonably conclude that the instruction probably misled the jury. *Kuhlman, Inc. v. G. Heileman Brewing Co.,* 83 Wis. 2d 749, 756, 266 N.W.2d 382, 386 (1978).

## EMERGENCY INSTRUCTION

In our case, the relevant portion of the jury instruction stated:

NEGLIGENCE IN AN EMERGENCY
The defendant has denied that he was negligent in the operation of his automobile on the grounds that, without prior warning, he was struck in the face by a bug that affected his ability to control his car in an ordinarily prudent manner.
Drivers of motor vehicles who are suddenly confronted by an emergency, not brought about or contributed to by their own negligence, and who react instinctively, are not guilty of negligence if an ordinary prudent person might make the same instinctive reaction if placed in the same position and if the emergency situation occurred without

sufficient warning and if it occurred immediately prior to the collision.

By virtue of this instruction, the trial court erroneously determined that the testimony supported a conclusion that the insect striking Bunnell created an emergency situation.

The purpose of an emergency instruction is to relieve a driver who is confronted with an emergency that his conduct did not create or help to create from being labeled negligent in connection with management and control of his or her vehicle. *Menge v. State Farm Mut. Auto. Ins. Co.,* 41 Wis. 2d 578, 583, 164 N.W.2d 495, 498 (1969). Before any jury instruction can be given, the facts must support the instruction. Ordinarily, the emergency rule's application is a question for the jury. *Misiewicz v. Waters,* 23 Wis. 2d 512, 516, 127 N.W.2d 776, 779 (1964). However, before a jury is instructed on the emergency rule, several questions must first be addressed by the trial court.

Initially, the trial court must determine whether the given facts disclose an emergency situation. When making such a determination, the court must pose two questions. First, do the given facts disclose a creation or realization of danger and, if so, is the time elapse between this creation of danger and the impact or injury too short to permit an intelligent or deliberate choice in response to the realization of the danger. *Cook v. Thomas,* 25 Wis. 2d 467, 471, 131 N.W.2d 299, 302 (1964) (citations omitted). If there is a factual dispute about whether there was a creation of danger, this question must be presented to the jury. *Komfar v. Millard,* 179 Wis. 79, 82, 190 N.W. 835, 836 (1922).

However, if the trial court can determine from the undisputed facts that a danger was not created, it concludes, without addressing the time element issue, as a matter of law that no emergency situation exists.

Even if it is determined that an emergency situation exists, there remains the question of whether to give the emergency instruction. The trial court may find that the uncontroverted evidence establishes that an emergency exists as a matter of law and direct the verdict in favor of the person faced with the emergency. *Hoeft,* 70 Wis. 2d at 1030, 235 N.W.2d at 922. When making this determination, the trial court must conclude that an emergency exists as a matter of law because the uncontroverted evidence establishes that (1) the party seeking the benefit of the rule is free from negligence; (2) the time interval between the danger and impact is too short to allow intelligent and deliberate choice of action; and (3) the element of negligence inquired into must concern management and control. *Menge,* 41 Wis. 2d at 583, 164 N.W.2d at 498.

On the other hand, the trial court may determine that even though an emergency situation exists, the person faced with the emergency is not entitled to the rule's application because the uncontroverted evidence shows that one or all of these three elements have not been met. *Hoeft,* 70 Wis. 2d at 1030–31, 235 N.W.2d at 922.[1]

Finally, if the trial court can neither conclude as a matter of law that the emergency doctrine applies or

---

[1] Even in the absence of an emergency instruction, the conduct of the driver becomes a question of ordinary care under the standard negligence instruction.

does not apply, it must submit the instruction to the jury which determines whether the person faced with the emergency is entitled to the rule's benefit. *Id.*

Given the facts of this case, Bunnell's testimony fails to support a finding that a bug striking his cheek leaving his vision unobstructed creates a danger. The disputed evidence regarding whether Bunnell was actually struck or stung by the bug makes no difference for the purpose of our analysis. Under either scenario, Bunnell was never placed in an emergency situation.[2] Thus, the trial court erroneously concluded that the facts supported an emergency situation and therefore it erred by submitting the emergency instruction. Because of this error, we remand for a new trial on liability.

## DUTY TO OBTAIN VOCATIONAL RETRAINING INSTRUCTION

The instruction at issue here states, in part, that:

> The duty to mitigate damages on the part of the injured person imposes the duty of exercising ordinary care to seek and obtain vocational retraining within a reasonable time as will probably improve her earning capacity provided it will not subject the injured person to unreasonable inconvenience and which is reasonably within her means. In fixing damages in this case, you will keep in mind this

---

[2]This does not mean that there can never be an emergency situation when a bug strikes or stings a driver. For example, it could be argued that a bug striking or stinging a driver's eye causing his or her vision to be obstructed would create an emergency situation. However, those are not the facts in our case, and we need not answer that question.

154

duty of the plaintiff to exercise ordinary care to mitigate her damages.

This instruction erroneously places on Garceau a duty to seek and obtain vocational retraining as a matter of law. No one disputes Garceau's duty to mitigate her damages. However, whether she had a specific duty to obtain vocational retraining is a question of fact for the jury. In *Lobermeier v. General Tele. Co.*, 119 Wis. 2d 129, 143, 349 N.W.2d 466, 473 (1984), the supreme court held that it is a matter of fact for the jury to determine whether a reasonable person under the circumstances should have undergone medical treatment in order to mitigate damages. Similarly, it was for the jury to determine whether Garceau should have sought vocational retraining as a part of her duty to mitigate damages.

We also conclude that this erroneous instruction is prejudicial. Because the jury was told Garceau must obtain vocational retraining as a matter of law, we are persuaded that this instruction had a substantial impact on the damages award. Consequently, a new trial upon the question of damages is necessary. *See id.* However, because the instruction only affected Garceau's past and future earning capacity, we remand for a new trial on damages limited to Garceau's past and future earning capacity.

*By the Court.*—Judgment affirmed in part, reversed in part, and cause remanded with directions. No costs to either party.

LaROCQUE, J. (dissenting) I dissent to the decision to grant a new trial on the issue of liability. Whether there was an emergency was an issue of fact

for the jury, which it resolved in favor of the defendant, Bunnell.

An emergency instruction is proper when three conditions are met: (1) The party seeking its benefits must be free from the negligence that contributed to the creation of the emergency; (2) the time element in which action is required must be short enough to preclude the deliberate and intelligent choice of action; and (3) the element of negligence inquired into must concern management and control. *Menge v. State Farm Mut. Auto. Ins. Co.*, 41 Wis. 2d 578, 582–83, 164 N.W.2d 495, 498 (1969). When deciding whether an emergency instruction should be given, an appellate court must view the evidence in the light most favorable to the party requesting the instruction. *Lutz v. Shelby Mut. Ins. Co.*, 70 Wis. 2d 743, 754, 235 N.W.2d 426, 433 (1975).

Viewing the evidence most favorably to Bunnell, there was testimony that justified the emergency instruction. Bunnell's pretrial deposition testimony, read to the jury, included this exchange:

> Q   As you came to the top of the hill what is the first thing you saw when you came over the top of the hill?
> A   I didn't see anything. Bee stung me right before I got to the top, and then I swatted at it, and I didn't see nothing after that.

Bunnell claimed that he felt the bee sting and that it was painful. He was traveling between forty-five and fifty miles per hour and described the time lapse between the incident and the collision as "spontaneous[ ]" and that "it happened just bang, and that was it." He described the distance from the point the incident occurred to the collision as between fifty to

seventy-five feet. Although Bunnell also gave testimony that could be construed as less definite, even where a witness makes two contradictory statements, it is within the province of the jury to accept and rely on either version and to disregard in part or in total the other. *Graves v. Travelers Ins. Co.,* 66 Wis. 2d 124, 136–137, 224 N.W.2d 398, 405 (1974).

The decision of *Komfar v. Millard,* 179 Wis. 79, 190 N.W. 835 (1922), is in accord. There, the trial court erroneously directed a verdict in favor of the defendant on the theory that he was confronted with an emergency as a matter of law when he brushed away a bug or a leaf that blew into his vehicle while he was passing a horse and buggy. The supreme court held that the question of emergency in that situation was an issue of fact for the jury and ordered a new trial. The court noted: "If ... a bug or a leaf or some similar object should fly in his face without blinding him or seriously injuring him, it is well within the province of the jury to find whether that was sufficient to excuse his losing control of his car and turning into the side of the buggy." *Id.* at 83, 190 N.W. at 836.

Because I would affirm the jury's verdict on liability, I would not review the issue of the damage instructions.