Broadfoot, J.
The trial court instructed the jury as to the emergency doctrine. The plaintiff contends that this was error.
The defendant Wallace testified that it was not yet daylight as he approached the truck, and that it was foggy, resulting in poor visibility. He did not see the truck until he was within 25 or 30 feet from it and.was then unable to avoid the collision. Stahl testified that he left the parking lights on the truck and a witness for the defendant, who passed the truck minutes ahead of Wallace, testified that he saw the taillight. Wallace claimed that he did not see it. In Barker Barrel Co. v. Fisher, 10 Wis. (2d) 197, 200, 102 N. W. (2d) 107, we said:
“For more than fifty years the Wisconsin supreme court has held that there is negligence on the part of the driver of an automobile when he proceeds at a speed at which he cannot stop his vehicle within the distance he can see ahead of him.”
From the record it is clear that Wallace was negligent as a matter of law as to lookout or as to speed, and it was *465 prejudicial error to instruct the jury as to the emergency rule.
The instruction given was that used in Klas v. Fenske, 248 Wis. 534, 22 N. W. (2d) 596. It has been approved in several later cases. Under some facts the instruction is proper. However, under the facts in other cases the instruction is not complete. Any person whose negligence contributes to or helps to create the emergency is not entitled to the benefit of the rule and the jury in many cases should be so advised.
The plaintiff further contends that the court committed other substantial error in its instructions. The truck involved in the collision was a 1955 model, Ford pickup truck. Stahl, the driver, testified that it was six and one-half feet in width. A witness for the defendants testified that it was approximately eight feet in width. His only opportunity for observation was in passing the truck in his automobile in semidarkness. There are certain statutes dealing with the equipment for and the operation of trucks more than 80 inches wide. The trial court instructed the jury as to several such statutes.
Assuming, without deciding, that the casual observation of the one witness was sufficient to raise an issue as to the width of the truck, the trial court still committed error in the instructions. Several instructions were given which applied to a motor truck more than 80 inches wide operated on a highway outside the corporate limits of a city or village. The record shows that the truck was parked within the corporate limits of the city of Brookfield.
The trial court took its instructions as to the law of the road from chs. 346 and 347, Stats., created by ch. 260, Laws of 1957, which were not effective until July 1, 1957, while the accident was in January, 1957. The applicable provisions were those of ch. 85 of the 1955 statutes. In many instances there is little, if any, distinction and that in itself probably would not have resulted in prejudicial error. The *466 tendency of the instructions was to make the jury feel that John Lentz had some duty to comply with the statutes. Mr. Lentz did not drive the truck; he did not own the truck; Stahl was the driver, and Lentz and Stahl were fellow employees of Lentz & Son, Inc., the owner of the truck. If Stahl was negligent in any particular in parking the truck where he did, or if Stahl violated any of the other rules of the road, his negligence could not be imputed to Lentz. Some of the instructions given were prejudicial to the plaintiff and the result thereof is evident in the verdict.
The following memorandum was filed January 10, 1961:
The defendants contend that the plaintiff is not entitled to raise the issue of error in the instructions because the same was not included in her motions after verdict. That is true in part. However, the plaintiff did move for a new trial in the interest of justice and upon this appeal urges this court to exercise its discretionary power and to grant a new trial.
Because of the errors in the instructions, and because a review of the record indicates to us that it is probable justice has miscarried, this court, under the provisions of sec. 251.09, Stats., reverses the judgment and directs that a new trial be had.
By the Court. — Judgment reversed. Cause remanded with directions to grant a new trial.