CARSON, Appellant, v. PAPE and others, Respondents.

*December 1—December 29, 1961.*

302

For the appellant there was a brief by *Coggs & .Mc-Cormick* of Milwaukee, and oral argument by *Harvey L. McCormick.*

For the respondents there was a brief by *John J. Fleming,* city attorney of Milwaukee, and *George A. Bowman, Jr.,* assistant city attorney, and oral argument by *Mr. Bowman.*

MARTIN, C. J.   The trial court instructed the jury that:

"If you find that the arrest of the plaintiff by these defendants was not a false arrest, then that will end your consideration of the case and you will return a verdict of no cause of action in favor of the defendants."

Appellant contends that this instruction was erroneous because a jury issue with respect to excessive force in making the arrest was presented by the pleadings and testimony. Thus, even though the officers were privileged to arrest appellant, if they used excessive force in effecting the arrest he would be entitled to damages. Respondents argue that the evidence was insufficient to send the issue to the jury. In its memorandum decision the trial court stated that there was no evidence of excessive force, noting Inspector Dahl's testimony and demonstration that it would be impossible to attach a come-along chain around two wrists of a person.

The use of the come-along chain by the officers was only one element of the use of excessive force testified to by appellant and his witnesses. The evidence did present an issue with respect to excessive force and it should ordinarily have been resolved by the jury. However, the appellant waived any right to a jury determination of this issue. Appellant's trial counsel agreed to the form of the general verdict which was submitted to the jury, and, although he requested instructions on the issue of false imprisonment and damages recoverable therefor, he failed to request any instruction on the issue of excessive force in making an arrest or recoverable damages related to that issue. Where instructions are incomplete and do not cover a point that ought to be covered, this court will not reverse unless timely request for appropriate instructions has been made to the trial court. *Grinley v. Eau Galle* (1956), 274 Wis. 177, 79 N. W. (2d) 797.

During its instructions to the jury the trial court stated:

"On the part of the defendants there was testimony that on the early morning of May 20, 1957, the plaintiff was driving his automobile in a reckless manner and at a high speed within an area of the city of Milwaukee, within the presence, observation, and view of the defendants . . ."

Only three of the five police officers testified that they saw appellant driving the Buick in a reckless manner. Appellant contends that this misstatement of a material fact by the trial court entitles him to a new trial. In order for an error of the trial court to be prejudicial and require a new trial, this court must find that but for the error there probably would have been a different result. *Shields v. State* (1925), 187 Wis. 448, 204 N. W. 486. The testimony was clear that only three of the officers saw appellant driving the Buick. The trial court also instructed the jury:

"It is your duty to be guided solely by the evidence received on this trial and influenced by no other consideration."

The jury could not have been misled by the trial court's statement and no other verdict would have been arrived at even if the erroneous statement had not been made.

In its instructions on the right of a police officer to arrest without a warrant for a misdemeanor, the trial court stated:

"An officer can arrest, pursuant to these laws if he has reasonable grounds to believe that the person is committing or has committed a misdemeanor in his presence and will escape . . ."

Appellant argues that the use of the word "escape" was improper and reversible error. He contends that the word "escape" has a definite legal meaning, that is, it refers to the act of a person getting away who is already under arrest or in custody. The disputed instruction was partly based on sec. 954.03 (1), Stats. This statute uses the words "will not be apprehended." The trial court read this statute to the jury and then added the disputed sentence by way of explanation. The word "escape" refers to the act of a person trying to avoid capture. The instruction was not erroneous.

The trial court also instructed the jury:

". . . an arrest for a misdemeanor in the officer's presence must be made promptly. It must be made either at the time

of the offense or as soon as the circumstances permit. The officer must at once set about the arrest and follow up the effort until the arrest is effected. A reasonable delay to procure help does not interrupt the pursuit. A fresh pursuit means pursuit of a fleeing person sought to be arrested who is endeavoring to avoid immediate capture and involves pursuit without unreasonable delay."

Appellant contends that the trial court erred by instructing the jury that a police officer could arrest without a warrant for a misdemeanor under the doctrine of fresh pursuit. The term "fresh pursuit" refers to the common-law right of a police officer to cross jurisdictional lines in order to arrest a felon. 4 Am. Jur., Arrest, p. 35, sec. 51. See also sec. 964.30, Stats. An arrest without a warrant for a misdemeanor must be made promptly, either at the time of the offense, or as soon as the circumstances reasonably permit. 4 Am. Jur., Arrest, p. 46, sec. 67; Dahl and Boyle, Arrest, Search and Seizure, pp. 33, 34. Officers Pape and Brockman first saw the recklessly driven Buick at 7:10 a. m. They immediately pursued the car and radioed for assistance. The arrest was made by Officers Woller and Kramer at about 7:30 a. m. The underlying question is whether the officers should have first obtained an arrest warrant. Although the trial court's use of the term "fresh pursuit" was technically incorrect, the instruction taken as a whole correctly related the circumstances under which an officer may arrest without a warrant for a misdemeanor. See *Thompson v. Eau Claire* (1955), 269 Wis. 76, 83, 69 N. W. (2d) 239.

Appellant contends that the judgment of acquittal on the reckless-driving charge was *res judicata* in this false-imprisonment action with respect to the validity of the arrest. The contention is untenable. Such a rule would unduly hamper the execution of the criminal law. The judgment of acquittal was not *res judicata* on the issue of the validity of

the arrest in the present action. See *Bursack v. Davis* (1929), 199 Wis. 115, 225 N. W. 738; 30A Am. Jur., Judgments, p. 513, sec. 474.

Appellant alleges several prejudicial errors by the trial court in admitting testimony over the objection of appellant, specifically that appellant had been drinking at another person's home the night before his arrest; that appellant threatened his wife that same night; and that Milwaukee police officers receive training instructions on how to treat colored persons. It is urged that this testimony was immaterial and irrelevant and thus inadmissible.

Thelma Hawthorne, Betty Carson's sister, lived in the upstairs of a flat at 3223 North Tenth Street. Appellant and his wife Betty went to visit Thelma the afternoon of the day before his arrest. In testifying to events which occurred at the Hawthorne flat during his visit, appellant denied that he had anything to drink while there or that he had fought with his wife. He testified that he peaceably left the Hawthorne flat alone at 10:30 p. m. that night, drove to a tavern, parked his car, had a few drinks, then walked home, went to bed at 11:30 p. m., and stayed in bed until the officers came to arrest him at about 7:30 the next morning. His wife spent the night with her sister and went home at about 6:30 the next morning.

Other witnesses testified that while appellant was at the Hawthorne flat he was drinking and arguing with his wife; that he was asked to leave because he was creating a disturbance; that his wife stayed overnight with the Hawthornes because she was afraid of him. There was testimony that appellant called his wife at the Hawthorne flat at about 6 a. m. the day of his arrest. There was no phone in appellant's apartment.

The testimony with respect to appellant's drinking and threats to his wife was material and relevant because it gave a possible basis for his alleged erratic driving early the next morning. Also, since appellant denied that these events occurred, the testimony bore on his general credibility as a witness. See 3 Wigmore, Evidence (3d ed.), pp. 657–670, secs. 1003–1005.

Appellant testified that one of the arresting officers made statements to him reflecting race prejudice. When appellant's counsel pursued this matter further on his cross-examination of the officer, he denied making such statements, and on redirect examination the officer was allowed to testify that during his police training he was instructed to treat all persons alike regardless of race or color. The training received by Milwaukee police officers on race relations would have no bearing on whether the alleged statements were actually made, but the error was not prejudicial.

There is no merit in appellant's complaint about the juror's comment during the course of the trial. The juror merely made a suggestion on how to demonstrate the location of furniture in appellant's living room; he did not state any facts. The court admonished the juror to let the attorneys handle the problem.

It cannot go without mention that appellant has submitted a brief and appendix which fail to comply with the rules of this court in many important respects: In the brief there is no statement of the nature of the case, the issues are stated in the wrong form, and no appendix page references are supplied in the statement of facts. The appendix does not include the memorandum decision, the pleadings, the verdict, the judgment, material parts of the record, or an index of exhibits. Over 600 pages of testimony are condensed into four. This flagrant disregard of the rules placed an undue

burden on the respondents and the court in resolving the issues of the case.

*By the Court.*—Judgment affirmed.  Respondents may tax double costs against appellant for his violation of Supreme Court Rule 6 (2), (3), and (5) (a) to (d), sec. 251.26, Stats.