GEIS, by Guardian *ad litem,* and another, Appellants,
v. HIRTH and another, Respondents.

*October 31—November 29, 1966.*

"...

For the appellants there was a brief by *Hippenmeyer, Reilly, Fritz & Arenz* of Waukesha, and oral argument by *William S. Reilly.*

For the respondents there was a brief by *Clayton A. Cramer* and *Robert T. McGraw,* both of Waukesha, and oral argument by *Mr. Cramer.*

BEILFUSS, J.   The plaintiff, Miss Geis, contends she is entitled to a new trial because it was prejudicial error not to give the requested instructions and, further, that a new trial should be granted in the interests of justice because of the form of the verdict.

"The application of the emergency rule rests upon the psychological fact that the time which elapses between the creation of the danger and the impact is too short under the particular circumstances to allow an intelligent or deliberate choice of action in response to the realization of danger." [3] The emergency rule is designed to avoid penalizing a person for conduct which is a reaction to circumstances, when the person did not have time to consider alternative courses of action, provided his own negligence did not create or contribute to the hazardous circumstances.

There are three basic requirements which must be met before the emergency doctrine can be applied. First, the party seeking the benefits of the emergency doctrine must be free from negligence which contributed to the creation of the emergency. [4] Second, the time element in which action is required must be short enough to preclude deliberate and intelligent choice of action. Third, the element of negligence being inquired into must concern management and control before the emergency doctrine can apply. [5] Unless a favorable finding on each of these elements is made, the emergency doctrine cannot be applied to a course of conduct which led to an automobile accident.

The trial judge refused to give the emergency instruction because of his opinion that plaintiff Geis was not free of negligence. If an emergency instruction is not to be given unless the trial court was satisfied the person claiming the right to instruction was free from

[3] *Cook v. Thomas* (1964), 25 Wis. (2d) 467, 471, 131 N. W. (2d) 299.

[4] Prosser, Law of Torts (3d ed.), ch. 5, p. 172, sec. 33; *Borowske v. Integrity Mut. Ins. Co.* (1963), 20 Wis. (2d) 93, 121 N. W. (2d) 287; *Baird v. Cornelius* (1961), 12 Wis. (2d) 284, 107 N. W. (2d) 278; *Blasi v. Drafz* (1960), 12 Wis. (2d) 14, 106 N. W. (2d) 307.

[5] *Schmit v. Sekach* (1966), 29 Wis. (2d) 281, 139 N. W. (2d) 88; *Templeton v. Crull* (1962), 16 Wis. (2d) 416, 114 N. W. (2d) 843.

negligence no occasion would arise to submit the emergency question to the jury. Significantly, the trial judge made no finding that the plaintiff was guilty of negligence as a matter of law. Without dispute, plaintiff Geis' car was, at least partially, in the wrong lane at the time of the collision and the trial judge instructed that this created an inference of negligence which placed a burden on the plaintiff, Miss Geis, to produce evidence to overcome. In effect, however, the trial judge's ruling amounts to a holding that the trial court decides the question of the applicability of the emergency doctrine. This is incorrect.

There are two procedures which are used to apply the emergency doctrine. The court may apply the emergency doctrine as a matter of law, thereby absolving a party of all negligence in the action.[6] The doctrine is generally applied as a matter of law when the time interval is so short that the reaction is practically instinctive or intuitive. However, the time element may not be so short as to constitute an emergency as a matter of law, yet it may be short enough to warrant a jury finding that an emergency existed. The *Cook Case* clearly contemplates that the application of the doctrine may be for the jury.

The determination of whether a party's negligence was a factor in producing the emergency, thus barring the application of the emergency rule, is, in many instances, also a jury issue. In *Shaw v. Wuttke* (1965), 28 Wis. (2d) 448, 453, 137 N. W. (2d) 649, the court said:

"If there is a factual dispute as to such negligence and assuming the time element is so short as to make the doctrine otherwise applicable, a person is entitled to the emergency-doctrine instruction and it is for the jury to determine its application. [Case cited.] If, however, it can be held a person was negligent as a matter of law and such negligence contributed to the emergency, then

---

[6] *Riehl v. De Quaine* (1964), 24 Wis. (2d) 23, 127 N. W. (2d) 788.

such person is not entitled to the emergency-doctrine instruction."

In this instance, if the jury believed that Miss Geis was proceeding in a nonnegligent manner and without notice was confronted with headlights in her lane of travel at a distance of 200 feet, and turned to the left to avoid what appeared to be a certain collision, she was entitled to an instruction on the emergency doctrine to explain and excuse her operation in the wrong lane of traffic.[7]

Defendant Hirth argues that the plaintiff, Miss Geis, is not entitled to the benefit of the emergency rule because of the finding by the jury that plaintiff was negligent. He cites the following passage from *Pagel v. Holewinski* (1960), 11 Wis. (2d) 634, 642, 106 N. W. (2d) 425:

"Inasmuch as we have determined that the finding of causal negligence on the part of Holewinski with respect to position on the highway must be permitted to stand, such negligence makes inapplicable the emergency rule. This is because Holewinski's own negligence contributed to cause the emergency."

In *Pagel*, however, the court was confronted with the issue of whether the negligence of Holewinski should be absolved by applying the emergency doctrine as a matter of law. No request for an emergency instruction had been made at trial. Thus, the court was only concerned with the sufficiency of evidence for the jury's finding

[7] *Misiewicz v. Waters* (1964), 23 Wis. (2d) 512, 127 N. W. (2d) 776; *Lentz v. Northwestern National Casualty Co.* (1960), 11 Wis. (2d) 462, 105 N. W. (2d) 759; *Bauman v. Gilbertson* (1960), 11 Wis. (2d) 627, 106 N. W. (2d) 298; *Blasi v. Drafz,* footnote 4; *Paulson v. Hardware Mut. Casualty Co.* (1957), 2 Wis. (2d) 94, 85 N. W. (2d) 848; *Thorp v. Landsaw* (1948), 254 Wis. 1, 35 N. W. (2d) 307. The emergency instruction itself clearly contemplates that the jury is to determine whether a party's negligence "wholly or in part created the emergency" thereby barring the benefit of the emergency rule. Wis J I—Civil, Part I, 1015.

of causal negligence. The court refused to upset the jury's finding by applying the emergency doctrine as a matter of law.

The rule stated by Anno. 80 A. L. R. (2d) 5, 20, is as follows:

"In determining whether an instruction on the doctrine of sudden emergency is warranted by the evidence, the testimony must be viewed in the light most favorable to the party invoking the doctrine. In making such determination, the court is not necessarily limited to or controlled by the testimony of or on behalf of such party."

A jury could find that an emergency existed under the evidence most favorable to the plaintiff Geis and could also have found that her reaction to this emergency excused her of negligence as to her position on the highway.

Defendant Hirth argues that the trial court's refusal to give the emergency instruction was not prejudicial and therefore does not constitute reversible error. Under sec. 274.37, Stats., a judgment cannot be reversed nor can a new trial be granted unless the error complained of has affected the substantial rights of the party in question.

Hirth first argues that the refusal to instruct on the emergency doctrine affected both parties equally. Both parties alleged in their complaints that the other party was in the wrong lane and both parties put in proof to this effect. Therefore, both parties would be equally affected by a denial of the emergency doctrine to justify their presence in the wrong lane. Defendant cites *Schulz v. General Casualty Co.* (1939), 233 Wis. 118, 288 N. W. 803, and *Pagel v. Holewinski, supra,* for the proposition that failure to give even a proper instruction is not error where it affects both drivers in the same way and to the same degree.

The case of *Misiewicz v. Waters, supra,* dealt with the problem of prejudicial error in regard to the emergency

instruction. In this case the defendant was given the benefit of the emergency rule and the jury apportioned 60 percent of the negligence to plaintiff and only 40 percent to defendant. On appeal plaintiff argued that the instruction should have applied to both drivers and not only to the defendant. The court stated, at page 515:

"This contention cannot be sustained. The evidence of the plaintiff is that she was properly stopped in a position to make a left turn and that while so stopped the defendant invaded her lane and struck her vehicle. *There is nothing in the evidence, nor any claim made by her, that she acted or failed to act in response to a hazard or emergency that suddenly confronted her.* The emergency doctrine is designed to excuse conduct . . . that might otherwise be negligent, when such conduct is motivated by a sudden emergency and without time for sufficient reflection." (Emphasis added.)

In a similar manner in the case at bar, no claim was made by defendant Hirth that he acted in response to an emergency. It is his contention that at all times he had his lights on and that he was in his own lane of travel. The refusal to give the emergency doctrine thus did not affect both parties equally, but instead penalized only plaintiff Geis.

Defendant Hirth cites and quotes *Templeton v. Crull* (1962), 16 Wis. (2d) 416, 114 N. W. (2d) 843, in the following manner:

" 'The jury could have inferred from the photographs that plaintiff could have seen the horse in time to have avoided the collision. Plaintiff's request for an instruction on the emergency doctrine was properly denied.' "

Our opinion in *Templeton,* page 419, is as follows:

"Plaintiff contends that faulty lookout could not have been causal. The jury could, however, have inferred from the photographs that plaintiff could have seen the horse in time to have avoided collision.

"Plaintiff's request for an instruction on the emergency doctrine was properly denied. No issue was submitted with respect to management and control."

The quotation as presented by defendant Hirth is not only inaccurate and misleading but also it is not authority in support of his argument. This court has consistently said the emergency doctrine goes only to element of management and control.

The refusal to give the instruction was prejudicial because it severely affected plaintiff Geis' defense to Hirth's allegation of contributory negligence. Her position on the wrong side of the road created an inference of negligence unless it was shown that this was beyond her control.[8] The procedural effect of this inference is to shift the burden of producing evidence that plaintiff Geis' position on the wrong side of the highway was due to a nonnegligent cause, and enough evidence must be produced to support a finding to this effect.[9] In the absence of sufficient evidence to support such a finding, the inference must be sustained.[10] In *La Vallie v. General Ins. Co.* (1962), 17 Wis. (2d) 522, 117 N. W. (2d) 703, the court expressly states that the emergency doctrine refutes any inference of negligence which occurred because the plaintiff was driving on the wrong side of the road.

Refusal to instruct on the emergency rule deprived plaintiff Geis of a possible defense for her position on the highway. Under the evidence most favorable to her, the emergency instruction would have demonstrated to the jury that she had met the burden of going forward with evidence to justify her improper position on the highway. We hold it was prejudicial error not to give the emergency instruction in view of the evidence in the record.

Plaintiff Geis also contends that the court erred in refusing to instruct that a motorist has a right to assume

[8] *Zeinemann v. Gasser* (1947), 251 Wis. 238, 29 N. W. (2d) 49; *Kempfer v. Bois* (1949), 255 Wis. 312, 38 N. W. (2d) 483.

[9] *Goldenberg v. Daane* (1961), 13 Wis. (2d) 98, 108 N. W. (2d) 187.

[10] *Bunkfeldt v. Country Mut. Ins. Co.* (1965), 29 Wis. (2d) 179, 138 N. W. (2d) 271.

that other users of the highway will exercise due care. She argues that this also deprived her of an excuse for her presence on the left side of the road. In the cases where this instruction was correctly given an unexpected action was taken by a person whom the party had seen. These cases generally involve collisions at intersections where one party performs a negligent act and the other party argues that he should not be held guilty of contributory negligence because he failed to anticipate this action.

In the case at bar, plaintiff Geis made no assumptions concerning the exercise of due care of defendant Hirth because plaintiff was unaware of Hirth's presence on the highway. Under Miss Geis' version of the facts, when she first observed defendant Hirth, she knew defendant was not exercising due care. Thus, the failure to give the instruction was not error.

Plaintiff Geis also contends that a new trial should be ordered in the interests of justice because of the form of the verdict.

The form of the verdict to which she now objects is as follows:

"*Question One:* In what percentage, if any, do you find Gordon Hirth, at fault" ANSWER 50%

"*Question Two:* In what percentage, if any, do you find Helen Louise Geis, at fault?" ANSWER 50%.

The record clearly shows that no objection was made to this form of verdict. In the absence of objection to the form of verdict the defect is waived.

We have today announced our decision in *Baierl v. Hinshaw,* post, p. 593, 146 N. W. (2d) 433. That decision considers the identical form of verdict and is our opinion on the propriety of its use.

*By the Court.*—Judgment reversed, and new trial ordered as to the issues of liability only.