CONERY and others, Appellants, v. TACKMAIER and another, Respondents. [Two cases.]

*February 27—April 14, 1967.*

512

For the appellants there were briefs by *William R. Giese* of Neenah, attorney, and *Ted Warshafsky* and *Michael I. Tarnoff* of counsel, both of Milwaukee, and oral argument by *Mr. Tarnoff*.

For the respondents there was a brief and oral argument by *Edward T. O'Neill* of Fond du Lac.

HANLEY, J. The sole issue is whether the negligence of the defendant as found by the jury was causal as a matter of law.

The accident took place in front of the premises at 835 Third street in the city of Menasha on Sunday morning, November 13, 1960. It was a clear day. The road surface was dry, and the visibility was good. The width of Third street is 39 feet seven inches.

Defendant Tackmaier was driving east at about 18 to 20 miles per hour. The children had been in the vicinity of their yard at 839 Third street and ran at an angle toward the northwest with their hands locked together. There was no other traffic nor parked cars to obstruct defendant's view of the sidewalk area.

Tackmaier did not see the children until they were already in the road just off the curb. He immediately applied his brakes but did not swerve his car. He thought he had sufficient time to stop his vehicle before striking the plaintiffs. The left front portion of his car struck the children. The car skidded a distance of 45 feet 10 inches, measured from the front tire to the end of the skid marks.

The children traveled 36 feet from the north edge of the wooden fence that separated the properties at 835 and 839 Third street to the left front of defendant's car at the point of impact.

The defendant Tackmaier offered the short time factor as an explanation for not seeing the children. He contends that he did all that was humanly possible to avoid

the collision in the space of a few seconds, considering the speed of his car and the speed of the girls and their course of travel. Defendant further contends that the jury properly considered and properly applied the emergency rule.

With reference to the emergency-doctrine rule this court in the case of *Geis v. Hirth* (1966), 32 Wis. (2d) 580, 586, 146 N. W. (2d) 459, quoting *Cook v. Thomas* (1964), 25 Wis. (2d) 467, 471, 131 N. W. (2d) 299, stated:

" 'The application of the emergency rule rests upon the psychological fact that the time which elapses between the creation of the danger and the impact is too short under the particular circumstances to allow an intelligent or deliberate choice of action in response to the realization of danger.' The emergency rule is designed to avoid penalizing a person for conduct which is a reaction to circumstances, when the person did not have time to consider alternative courses of action, provided his own negligence did not create or contribute to the hazardous circumstances.

"There are three basic requirements which must be met before the emergency doctrine can be applied. First, the party seeking the benefits of the emergency doctrine must be free from negligence which contributed to the creation of the emergency. Second, the time element in which action is required must be short enough to preclude deliberate and intelligent choice of action. Third, the element of negligence being inquired into must concern management and control before the emergency doctrine can apply. Unless a favorable finding on each of these elements is made, the emergency doctrine cannot be applied to a course of conduct which led to an automobile accident."

Under the facts of this case we believe the defendant, Tackmaier, was negligent with respect to lookout and that such negligence contributed to the alleged emergency. He admitted he did not see the Conery children until they were in the road just off the curb. Defendant also stated to Karen Conery, the mother of the children, that

he did not see the children. The defendant admitted that he was familiar with the neighborhood and knew that children of tender years played on that particular street.

This court said in *Geis v. Hirth, supra,* at page 587, quoting from *Shaw v. Wuttke* (1965), 28 Wis. (2d) 448, 453, 137 N. W. (2d) 649:

" ' . . . If, however, it can be held a person was negligent as a matter of law and such negligence contributed to the emergency, then such person is not entitled to the emergency-doctrine instruction.' "

The defendant Tackmaier being guilty of negligence as a matter of law was not entitled to the emergency-doctrine instruction.

We conclude that the negligence of the defendant, Tackmaier, was causal because a proper lookout on the part of the defendant would have revealed the presence of the children when they emerged from the yard and entered the sidewalk area. A warning signal at that time would have alerted the children of the approaching vehicle. It is common knowledge that pedestrians, whether running or walking, require only a short distance in which to come to a stop.

A proper and efficient lookout on the part of defendant Tackmaier would have given him additional time to have effectively applied his brakes in order to avoid the resulting accident and sufficient time to alert the children of his approach. These facts clearly establish that the defendant, Tackmaier, was causally negligent with respect to lookout. The test of causation is whether or not the negligence of one party was a substantial factor in causing the injury to the other party. *Pfeifer v. Standard Gateway Theater, Inc.* (1952), 262 Wis. 229, 55 N. W. (2d) 29.

Under the facts of this case and for the reasons above stated, we conclude that causal connection existed as a

matter of law between defendant's negligence and the accident.

We are of the opinion that the trial court should have changed the answer of the causation question of defendant's negligence from "No" to "Yes" and granted judgment for the plaintiffs on the verdict as so changed.

*By the Court.*—Judgment reversed and cause remanded with directions to enter judgment in accordance with the opinion.

HANSEN, J., took no part.