ALTIERE and another, Appellants, v. BREMER and another, Respondents.

*No. 226. Argued June 4, 1968.—Decided June 28, 1968.*
(Also reported in 159 N. W. 2d 664.)

For the appellants there was a brief by *Conway & Conway* and *Vaughn S. Conway* and *Kenneth H. Conway*, all of Baraboo, attorneys, and *Warshafsky, Rotter & Tarnoff* and *Michael I. Tarnoff*, all of Milwaukee, of counsel, and oral argument by *Michael I. Tarnoff*.

For the respondents there was a brief by *Willard S. Stafford* and *Stafford, Rosenbaum, Rieser & Hansen*, all of Madison, and oral argument by *Willard S. Stafford*.

WILKIE, J. One issue is presented on this appeal. Was Dorothy Bremer causally negligent as a matter of law?

The well-accepted rule governing this court's review in a case like this is that the verdict of the jury must be sus-

tained if there is any credible evidence which, under any reasonable view, supports that verdict.[1] This is especially true when, as here, the jury's verdict has been approved by the trial court.[2] The question is not whether there is credible evidence in the record to sustain a finding the jury did not make, but whether there is any credible evidence to sustain the finding the jury did make.[3]

Highway 12 is a two-lane roadway approximately 21 feet wide with gravel shoulders adjacent to the concrete traveled portion used by vehicular traffic. The highway is straight and level and on the day of the accident it was dry and the weather clear. The posted speed limit is 65 miles per hour.

Defendant Dorothy Bremer, a forty-three-year-old kindergarten teacher, was driving her 1962 Ford south on Highway 12, heading towards Baraboo. Her speed was approximately 60 miles per hour. Mrs. Bremer had made frequent trips along Highway 12 and was familiar with the road.

Mrs. Bremer testified that while proceeding down the highway she observed two small children across the road on the east shoulder at a mailbox. She was approximately 350 feet away from the mailbox when she made this initial observation. Upon seeing the children, she took her foot off the accelerator and began to apply slight pressure on the brake, thus slowing down her automobile. Mrs. Bremer observed that one of the children, a little boy, was standing on the rear platform of a tricycle, trying to reach and open the latch on the mailbox. The little boy apparently got off the tricycle and walked across the east shoulder to the edge of the traveled portion of the highway. As the vehicle drew closer to the child,

---

[1] *Nieman v. American Family Mut. Ins. Co.* (1968), 38 Wis. 2d 62, 65, 155 N. W. 2d 809.

[2] *Id.*

[3] *See Unruh v. Industrial Comm.* (1959), 8 Wis. 2d 394, 398, 99 N. W. 2d 182; *Vasquez v. ILHR Department*, ante, p. 10, 158 N. W. 2d 331.

Mrs. Bremer continued to apply more pressure to the brake. According to Mrs. Bremer's testimony, when the little boy reached the edge of the highway, and when her automobile was very close to him, he dashed or darted across the road in front of the car. Mrs. Bremer hit the brake hard and swerved to the right. She claimed that the front end of her car definitely missed the boy. (A bruise behind the boy's right knee indicated there was contact.)

The testimony of Mrs. Bremer was the only direct evidence adduced during the trial that bore upon the accident. (Kevin Altiere, who was nine-years old at the time of the trial, did not testify, neither did Mrs. Bremer's teenage son, a passenger in her car, nor did Kevin's playing companion.)

Testimony of one Rita Bristol, that Mrs. Bremer told her following the accident that she "slowed down, swerved to the right, but could not avoid it" is of no help in reconstructing the accident. The testimony of Paul Anderson, the Sauk county deputy sheriff who investigated the accident, that he could not locate a point of impact if, in fact, there was an impact, or find any skid marks, is similarly of no probative value.

This case presented a pure jury question and the facts in the record do not compel a determination that Mrs. Bremer was causally negligent as a matter of law. If the plaintiff darted in front of the car, as Mrs. Bremer claims, the jury could have reasonably concluded that the accident was unavoidable and that Mrs. Bremer's negligence, if any, was not a substantial factor in causing the accident.

Appellants claim that Mrs. Bremer failed to sound her horn before the accident thus omitting a minimal precaution that any motorist should have taken under the circumstances. Appellants emphasize the language from *Conery v. Tackmaier* [4] that a warning signal would have

---

[4] (1967), 34 Wis. 2d 511, 515, 149 N. W. 2d 575.

alerted the youngster to the approaching vehicle. The record in the instant case does not disclose that Mrs. Bremer sounded her horn. The trouble with appellants' contention, however, is neither does the record disclose that Mrs. Bremer did not sound her horn. The question simply was never asked and its absence from the record should not accrue to appellants' benefit. Furthermore, in *Conery* the driver's negligence as to lookout was held a substantial contributing factor to the accident. Here Mrs. Bremer saw the youth when 350 feet away and at no time took her eyes from him; hence she could not have been negligent as to lookout.

The physical facts, or lack of them in this case, are not of the kind that would render Mrs. Bremer's version of the accident incredible as a matter of law. Mrs. Bremer's version of the accident presents the classic child-dart-out case.

*By the Court.*—Judgment affirmed.