MENGE, Respondent, v. STATE FARM MUTUAL AUTOMO-
BILE INSURANCE COMPANY and another, Appellants.

*No. 107. Argued January 8, 1969.—Decided February 7, 1969.*
(Also reported in 164 N. W. 2d 495.)

580

For the appellants there was a brief by *Everson, Whitney, O'Melia, Everson & Brehm* of Green Bay, and oral argument by *John C. Whitney.*

For the respondent there was a brief by *Bittner, Petitjean, Greenwood & Hinkfuss* of Green Bay, and oral argument by *Robert L. Bittner.*

HANLEY, J.   The following issues are presented on this appeal:

(1) Did the trial court err in giving the emergency instruction;

(2) If there was error, was it prejudicial;

(3) Is an objection to a jury instruction properly made when it is raised initially on motions after verdict;

(4) Did the trial court err in failing to give certain jury instructions requested by the plaintiff; and

(5) Did the trial court abuse its discretion in ordering a new trial?

### *Emergency Instruction.*

"The emergency instruction is proper when three conditions are met:

" (1) The party seeking its benefits must be free from the negligence which contributed to the creation of the

emergency; (2) the time element in which action is required must be short enough to preclude the deliberate and intelligent choice of action; and (3) the element of negligence inquired into must concern management and control." *Edeler v. O'Brien* (1968), 38 Wis. 2d 691, 697, 698, 158 N. W. 2d 301. *See also: Gage v. Seal* (1967), 36 Wis. 2d 661, 154 N. W. 2d 354, 155 N. W. 2d 557; *Geis v. Hirth* (1966), 32 Wis. 2d 580, 591, 146 N. W. 2d 459.

There was no question of improper management and control in this case. The defendant testified that he never saw the plaintiff until the impact. The emergency instruction [1] is designed to relieve a driver who is confronted with an emergency from being labeled negligent in connection with his manner of management and control. *Schmit v. Sekach* (1966), 29 Wis. 2d 281, 289, 139 N. W. 2d 88. The defendant here was never confronted with an emergency decision because he never recognized that an emergency existed. There is no contention in this case that the defendant's "choice of action or inaction" was imprudent. No choice was ever made.

Moreover, even if the defendant's management and control was in question in this case, the emergency instruction would not have been proper because it is obvious that the failure of the defendant to keep a proper lookout contributed to this accident.

"Because the circumstances leading to the collision could have been prevented by the defendant if he had kept a proper lookout, the emergency rule does not apply to this case." *Reddick v. Reddick* (1961), 15 Wis. 2d 37, 41, 112 N. W. 2d 131.

The trial court did not find either the plaintiff or the defendant in this case negligent as a matter of law. However, the evidence established that both parties to this collision failed to keep a proper lookout as a matter of law.

---

[1] Wis J I—Civil, Part I, 1015.

The trial court properly concluded that it was error to give the emergency instruction.

## Was Error Prejudicial?

In his written decision on motions after verdict, the trial court reasoned to the conclusion that it was error to give the emergency instruction. He went on to say:

"I am of the opinion, therefore, that giving the emergency instruction . . . to the jury was prejudicial to the plaintiff and a new trial must be granted."

There is no discussion as to why the error was prejudicial.

Not every error during a trial is prejudicial.

"In determining whether an error in instructions is prejudicial, the instructions must be considered as a whole. . . .

". . . In passing on the prejudicial effect of an erroneous instruction the test is not the possibility of the jury's being misled, but the probability thereof." *Willenkamp v. Keeshin Transport System, Inc.* (1964), 23 Wis. 2d 523, 529, 127 N. W. 2d 804, and cases cited therein.

The emergency instruction which was given in this case reads as follows:

"You are instructed that drivers of motor vehicles who are suddenly confronted by an emergency, not brought about or contributed to by their own negligence, and who are compelled to act instantly to avoid collision or injury, are not guilty of negligence if they make such choice of action or inaction as an ordinarily prudent person might make, if placed in the same position, even though it should afterwards appear not to have been the best or safest course. You will bear in mind however that the rule just stated does not apply to any person whose negligence wholly or in part created the emergency. One is not entitled to the benefit of the emergency rule unless he is without fault in the creation of the emergency."

It has already been pointed out that there was no evidence of improper management and control in this case.

The jury was instructed that the driver of an automobile has a duty to keep a proper lookout. They were also instructed as to when a driver must yield the right-of-way to a pedestrian. These two types of negligence were the only ones ultimately attributed to the defendant. Either type of negligence would have contributed to an emergency if one had been created. The jury did find the defendant 30 percent negligent. If they felt that an emergency was created, they obviously also felt that the defendant contributed to the emergency. Thus they were compelled to disregard the emergency instruction in any event. It is highly unlikely that a jury would follow the first part of the instruction, but disregard the second part. Thus, the emergency instruction could not have caused the jury to lessen the percentage of negligence which was attributed to the defendant.

If the instruction is read as a whole, it could not have been prejudicial to the plaintiff.

*Objection to Instructions on Motions After Verdict.*

There was no objection to the giving of the emergency instruction until after the rendering of the verdict.

"An objection to the instructions for inadequacy or insufficiency must also be made at least prior to the return of the verdict. Generally, counsel should timely submit his requested instructions, but if this is not done and the instructions given are not erroneous as a misstatement of the law but are incomplete, it is the duty of counsel to object at the time the instruction is given. . . . Absent proper objections by the plaintiff, these alleged errors in the verdict and the instructions are not before us.

"However, the plaintiff argues the instructions were erroneous in misstating the law . . . and such error was preserved by being used as a ground for a motion for a new trial. . . . We consider this assignment of error properly raised." *Savina v. Wisconsin Gas Co.* (1967), 36 Wis. 2d 694, 702, 154 N. W. 2d 237.

It was error to give the emergency instruction in this case because it did not fit the facts. The instruction was surplusage. This would appear to fall in the category of a "misstatement of the law." Thus the objection to the instruction, by current standards, was properly taken, even though the initial objection was not raised until the motions after verdict. As was previously stated, however, the instruction, although erroneous, was not prejudicial.

### Requested Instructions Not Given.

The plaintiff also seeks to challenge the trial court's refusal to give two instructions. The first instruction concerned the duty of an operator of a motor vehicle not to overtake another motor vehicle which is stopped at a crosswalk to permit a pedestrian to cross the highway. The second requested instruction concerned the duty of a driver of a motor vehicle to pass another vehicle at an intersection.

Sec. 346.24 (3), Stats., states:

"Whenever any vehicle is stopped at an intersection or crosswalk to permit a pedestrian to cross the roadway, the operator of any other vehicle approaching from the rear shall not overtake and pass such stopped vehicle."

The instruction which plaintiff requested was as follows:

"You are instructed that it is the duty of an operator of a motor vehicle overtaking another motor vehicle which is stopped at a crosswalk to permit a pedestrian to cross the highway not to overtake or pass such stopped vehicle.

"If you find that the motor vehicle operated by Ronald Zeutzius was stopped at the crosswalk to permit the Plaintiff, Theodore Menge, to cross Broadway, then the Defendant, Jules Cappelle, as the operator of a motor vehicle approaching from the rear of the Zeutzius automobile, had a duty not to overtake or pass the stopped Zeutzius motor vehicle."

There is absolutely *no* evidence in this case that the Zeutzius automobile stopped to permit the plaintiff to cross Broadway. Zeutzius testified that he stopped where he did in order to leave the crosswalk open. At that time no pedestrian was using the crosswalk. It would have been error to give this requested instruction.

The plaintiff also requested the following instruction:

"You are further instructed that it is the law of the State of Wisconsin that the operator of a motor vehicle shall not overtake and pass any other vehicle proceeding in the same direction at any intersection unless the roadway is marked or posted for two (2) or more lines of vehicles moving simultaneously in which such vehicle is proceeding or unless permitted or directed by a traffic officer to pass at such intersection."

This instruction was based on sec. 346.10 (2).[2] While there was no testimony that the road was "marked or posted" for two lanes, it is uncontradicted in the record that there were two lanes of traffic proceeding in a northerly direction on Broadway.[3] To give the requested instruction in the face of this uncontradicted evidence would have been error.

### Abuse of Discretion.

It is the defendant's chief contention on this appeal that the trial court abused its discretion in ordering a new trial. We agree with this position.

[2] "(2) . . . the operator of a vehicle shall not overtake and pass any other vehicle proceeding in the same direction at any intersection unless the roadway is marked or posted for 2 or more lines of vehicles moving simultaneously in the direction in which such vehicle is proceeding or unless permitted or directed by a traffic officer to pass at such intersection."

[3] Counsel for the plaintiff-respondent indicated at oral argument that Broadway only became two lanes wide north of the Third street intersection. No such evidence is in the record. Indeed, even plaintiff-respondent's brief stated that there were two lanes of traffic on Broadway for northbound traffic.

". . . Abuse of discretion does not necessarily mean ulterior motive, arbitrary conduct, or wilful disregard of the rights of a litigant, but it may mean a failure to apply principles of law applicable to a situation if prejudice results." *Endeavor-Oxford Union Free High School Dist. v. Walters* (1955), 270 Wis. 561, 569, 72 N. W. 2d 535.

The basis of the order granting the new trial was that the court had erred in giving the emergency instruction. As has been pointed out, not every error is prejudicial. Apparently the trial court concluded that because there was error there was prejudice. We have concluded that the plaintiff could not have been prejudiced by the giving of the emergency instruction. Without prejudice resulting from the error, it was an abuse of discretion to set aside the jury's apportionment of the negligence.

*By the Court.*—Order reversed, and cause remanded to reinstate the original jury verdict.