CHARLES A. POLLEX, District Attorney, Adams County
You request my opinion on a number of questions relating to the arrest powers of a city policeman.
1. Is a city policeman a law enforcement officer within the meaning of sec. 968.07, Wis. Stats., which is concerned with arrest powers?
I am of the opinion that he is. See definition of "law enforcement officer" in secs. 165.85 (2) (c), 967.02 (5), Stats.
2. Can a city policeman who is on duty and working within the city limits arrest, without a warrant, where he observes a crime or violation of the motor vehicle code occur outside the city limits? *Page 420 
The question is too broad to permit a yes or no answer. The violation would occur outside the jurisdiction of the officer. As a citizen he would have power to arrest if the violation were a felony or was a misdemeanor in the nature of a breach of the peace which threatens the public security. Radloff v. NationalFood Stores (1963), 20 Wis.2d 224, 123 N.W.2d 570; Keenan v.State (1858), 8 Wis. 132.
Police in a city have such powers and duties as constableswithin their municipality and such additional powers as set forth in sec. 62.09 (13), Stats.
They have limited power to act beyond municipal boundaries by reason of secs. 66.305, 66.31 and 66.315, Stats. Because of the strict territorial limits on their powers, they are frequently deputized by the sheriff on a cooperative basis so that they may at all times act throughout the county if necessary.
For further discussion of jurisdictional questions, see opinion to the District Attorney for Outagamie County, dated February 22, 1972, attached; and, for discussion of general principles of arrest without warrant, see 45 OAG 289 (1956).
Section 968.07 (11) (d), Stats., permits a law enforcement officer to arrest a person without a warrant when he has reasonable grounds "to believe that the person is committing or has committed a crime."
The 1971 Legislature enacted ch. 278, Laws of 1971, governing traffic regulations. While some violations amount to crimes, others are punishable only by a forfeiture and do not constitute crime. Chapter 278 created sec. 345.22, Stats., to provide:
"A person may be arrested without a warrant for the violation of a traffic regulation if the traffic officer has reasonable grounds to believe that the person is violating or has violated a traffic regulation."
I am of the opinion that a city policeman is a traffic officer within the limits of his municipality, as that term is used in sec. 345.22, Stats., and defined in sec. 340.01 (70), Stats. *Page 421 
The "fresh pursuit" statute, sec. 66.31, Stats., contemplates that the violation for which the pursuit is necessary occurred within the limits of the officer's municipality.
I am of the opinion that a city or village police officer, not acting as a deputy sheriff, can make a lawful arrest for the violation of an ordinance of his municipality, for a misdemeanor or traffic regulation only within the limits of his municipality, except in cases of fresh pursuit which would permit arrest in anadjoining municipality.
In case of a felony, such officer is not limited to his own or adjoining municipalities where he is in fresh pursuit and the felony was attempted or committed in his presence. Such right to cross jurisdictional lines in order to arrest in case of a felony grows out of the common law. Carson v. Pape (1961), 15 Wis.2d 300,308, 112 N.W.2d 693.
The basic jurisdiction of a city police officer to enforce state laws and ordinances of the city is limited to the city limits.
You are also concerned with the status of a city policeman who is "off duty."
Police officers have official status to exercise their statutory powers twenty-four hours a day, whether "on duty" or "off duty." Officers when "off duty" and not in uniform may need to take extra care to protect their own safety when enforcing laws and may have difficulty in showing the offender evidence of authority.
RWW:RJV