LIPINSKI, Appellant, v. PAKULSKI and another, Respondents.

*No. 276. Submitted under sec. (Rule) 251.54 February 6, 1974.— Decided March 5, 1974.*
(Also reported in 215 N. W. 2d 468.)

630

The cause was submitted for the appellant on the brief of *John A. Stocking* and *Petrie, Stocking, Meixner & Zeisig, S. C.,* all of Milwaukee, and for the respondents on the brief of *Carl N. Otjen* and *Otjen, Philipp & Mc-Fadyen,* all of Milwaukee.

HEFFERNAN, J. The plaintiff contends that the verdict and judgment should be reversed as a matter of law, because there was evidence that, immediately before the accident, the defendant had diverted his attention to the rear of the car and did not see the vehicle approach him from the right until after that car had almost passed him and was commencing to cut in front of him. Those facts, even if uncontradicted, do not constitute negligence as a matter of law. We said in *Duby v. Columbia County* (1927), 194 Wis. 172, 174, 215 N. W. 819:

"It is not negligence as a matter of law for the driver of an automobile to fail to keep his eye constantly fixed upon the road in front of him, in the absence of any warning that there may be danger ahead."

This court has consistently held that whether a party is negligent in diverting his attention from the roadway ahead of him is a matter to be decided by the jury. *Elkey v. Elkey* (1940), 234 Wis. 149, 290 N. W. 627, 292 N. W. 300; *Helgoe v. Bade* (1930), 201 Wis. 193, 229 N. W. 541; *Grandhagen v. Grandhagen* (1929), 199 Wis. 315, 225 N. W. 935.

It is apparent from this line of cases that this court will not reverse on the ground that the defendant was negligent as a matter of law. Under the facts of record, a jury question in respect to lookout may well have been posed. However, the plaintiff's attorney asked for no instruction on lookout, and the trial judge did not include any specific instruction on that element of negligence.

Additionally, the plaintiff argues that the court should not have instructed the jury at all in respect to management and control, since, in his opinion, the emergency doctrine was not applicable to the case because the emergency, if any, was due to the defendant's faulty lookout. However, the transcript shows that management and control was the major issue revealed at trial. The court instructed the jury:

". . . that drivers of motor vehicles who are suddenly confronted by an emergency, not brought about or contributed to by their own negligence, and who are compelled to act instantly to avoid collision or injury, are not guilty of negligence if they make such choice of action or inaction as an ordinarily prudent person might make if placed in the same position, even though it should afterwards appear not to have been the best or safest course. You will bear in mind, however, that the rule just stated does not apply to any person whose negligence wholly or in part created the emergency. One is not entitled to the benefit of the emergency rule unless he is without fault in the creation of the emergency.

"You will bear in mind that this instruction on the emergency rule is to be applied only in regard to the inquiry of negligence as to management and control."

The instruction was proper under the circumstances.

The plaintiff argues that, in any event, it was error to have instructed the jury on the right of a defendant to be exonerated from negligence as to management and control in the case of an emergency when there was no underlying and detailed instruction explaining negligence as to management and control.

While an examination of the record reveals that the instruction to the jury in respect to lookout might well have been given and the instruction in respect to the emergency rule might have been more explicit, those instructions were not requested by the plaintiff's attorney. The record shows that, prior to the submission of the instructions, a conference was held out of the presence of the jury in which the parties were given an opportunity to propose instructions and special verdict questions. At that conference it was apparent that the trial judge had previously made known to the parties what instructions he proposed to give to the jury. Only in respect to the instructions involving damages for personal injuries did the plaintiff offer any suggestions or object to the instructions that the trial judge proposed.

After the jury was instructed, the trial judge asked the lawyers for both plaintiff and defendant whether they had any corrections to make or whether there had been any omissions. Both stated that they were satisfied with the instructions as given.

Under these circumstances, an appellant is precluded on appeal from arguing that other or additional instructions should have been given. The instructions that were given were not erroneous. Even under the plaintiff's theory of the case, the most that could be said is that they were incomplete. We have, however, repeatedly stated:

"Where instructions are incomplete and do not cover a point that ought to be covered, this court will not reverse

unless timely request for appropriate instructions has been made to the trial court. *Grinley v. Eau Galle* (1956), 274 Wis. 177, 79 N. W. 2d 797." *Carson v. Pape* (1961), 15 Wis. 2d 300, 306, 112 N. W. 2d 693.

The plaintiff would rely upon *Menge v. State Farm Mut. Automobile Ins. Co.* (1969), 41 Wis. 2d 578, 164 N. W. 2d 495. *Menge* holds that, where the instruction given is erroneous as a matter of law either because it does not properly state the law or is inappropriate law for the facts at issue in the case, this court may, where a proper objection was made in postverdict motions, reverse even though an objection was not made prior to instructing the jury. In the case before us, objections to the instructions were made at the time of motions after verdict. The instructions, however, were not erroneous as an improper statement of the law. They were at the most incomplete.

In *Menge,* the instructions were erroneous because the emergency instruction was given when the facts did not indicate that management and control was properly an issue for the jury. In the instant case, management and control and the emergency situation were factors for the jury to consider and were properly submitted even though the instructions were arguably incomplete by virtue of the omission of a more explicit statement of the element of negligence as to management and control. Under the circumstances here, therefore, the plaintiff has waived his right to object to incomplete but correct instructions.

Plaintiff also contends that, under sec. 251.09, Stats., this court should reverse and order a new trial even though proper motions raising the matters now objected to do not appear on the record. For this court to exercise such discretion, it is necessary for us to conclude, ". . . from the record, that the real controversy has not been fully tried, or that it is probable that justice

has for any reason miscarried." The plaintiff argues that justice miscarried because:

"The Jury verdict and Trial Court decision that Respondent driver was not negligent are against the great weight and clear preponderance of the evidence."

That statement misstates the test to be applied by this court on review. The proper test to be applied in determining whether the jury's answer should be changed is whether there is any credible evidence which supported the answer. *Leatherman v. Garza* (1968), 39 Wis. 2d 378, 159 N. W. 2d 18. Moreover, special weight is given the jury's findings where, as here, they have had the specific approval of the trial court and the issue on review is confined to whether there is any credible evidence that under any reasonable view supports the jury's findings. *Burke v. Poeschl Brothers, Inc.* (1968), 38 Wis. 2d 225, 156 N. W. 2d 378. The trial judge, on motions after verdict, made a specific finding:

". . . that there is ample credible testimony adduced during the course of the trial to substantiate the finding of the jury . . . that the defendant, Robert E. Pakulski, was not negligent in the mode and manner in which he operated his vehicle."

From our own review of the record, we conclude that there was sufficient evidence for the jury to find that the defendant was not negligent.

Under these circumstances we cannot hold that justice probably miscarried, nor can we conclude that the jury was confused in respect to the special jury questions that were submitted to them. As the plaintiff points out, the jury returned for further instructions and for the clarification of the instructions as given. Both counsel were present at the time of the reinstruction of the jury, and neither of them objected to the

reinstruction or indicated to the trial judge that the original instructions should be modified to better present the real issues of the case.

We conclude that the instructions that were given to the jury were correct, that the finding of the jury was supported by credible evidence, and that justice has not miscarried.

*By the Court.*—Judgment affirmed.