JANKOWSKI, Appellant, v. A. O. SMITH CORPORATION and others, Respondents.

*No. 229. Argued February 4, 1974.—Decided March 5, 1974.*
(Also reported in 215 N .W. 2d 447.)

For the appellant there was a brief by *Brady, Pachefsky & Sullivan,* attorneys, and *Jerome F. Pogodzinski* of counsel, all of Milwaukee, and oral argument by *Mr. Pogodzinski* and *Robert J. Brady.*

For the respondents there was a brief by *Kivett & Kasdorf,* attorneys, and *John M. Swietlik* and *James F. Eldridge* of counsel, all of Milwaukee, and oral argument by *Mr. Eldridge.*

BEILFUSS, J. The controlling issue is whether it was error to instruct the jury as to the emergency instruction.[1]

---

[1] "Drivers of motor vehicles who are suddenly confronted by an emergency, not brought about or contributed to by their own negligence, and who are compelled to act instantly to avoid col-

The plaintiff-appellant contends that "[t]he trial court erred in giving an emergency instruction to the jury regarding the individual defendant's conduct when in fact the sole cause of the collision was the individual defendant's negligence as to management and control and as to speed."

The emergency instruction should be given upon proper request when three conditions are present:

"'The emergency instruction is proper when three conditions are met:
"'(1) The party seeking its benefits must be free from the negligence which contributed to the creation of the emergency; (2) the time element in which action is required must be short enough to preclude the deliberate and intelligent choice of action; and (3) the element of negligence inquired into must concern management and control.' *Edeler v. O'Brien* (1968), 38 Wis. 2d 691, 697, 698, 158 N. W. 2d 301. . . ." *Menge v. State Farm Mut. Automobile Ins. Co.* (1969), 41 Wis. 2d 578, 582, 583, 164 N. W. 2d 495.

The evidence reveals the plaintiff-appellant was illegally stopped or parked in violation of the statutory rules of the road.[2] In his argument he contends that the defendant-driver was well aware of the plaintiff's position on the highway in time to take action necessary to avoid a collision. He argues the jury could have found that the defendant could have passed the plaintiff without incident because there was ample room upon the highway to do so; and that the jury could find the defendant was negligent as to speed in not slowing down

---

lision or injury, are not guilty of negligence if they make such choice of action or inaction as an ordinarily prudent person might make if placed in the same position, even though it should afterwards appear not to have been the best or safest course. You will bear in mind, however, that the rule just stated does not apply to any person whose negligence wholly or in part created the emergency. . . ." Wis J I—Civil, Part I, 1015.

[2] *See* sec. 346. 54, Stats.

and as to management and control in not deviating from his position on the highway so as to avoid the collision.

The defendant-driver's evidence is that he was aware of the plaintiff's position on the highway, that his speed was not excessive and he was, in fact, slowing down to make his turn, and that he did intend to avoid a collision and would have done so except for the fact that the dust blew into his eyes causing him to lose momentary control. The plaintiff-appellant counters this testimony with the argument that the defendant knew or should have known of the dust on the street and taken appropriate precautions.

The law recognizes that there are some highway and atmospheric conditions reasonably unknown to a driver that will exonerate him from negligence.

"In *Johnson v. Prideaux*, 176 Wis. 375, 187 N. W. 207, the defendant found himself suddenly enveloped in a dust cloud caused by a passing car. In bringing his car to a stop and because of the cloud of dust he got over to the left of the center of the road where his car was struck by the plaintiff's car coming from the opposite direction. The court held as a matter of law that defendant driver was not negligent. . . ." *Haight v. Luedtke* (1942), 239 Wis. 389, 399, 1 N. W. 2d 882.

In this case the defendant-driver's sudden deviation to the right so as to strike the plaintiff's vehicle would have been negligence as a matter of law unless the defendant offered a rational explanation. The defendant explained that the cause of this deviation was the unexpected occurrence of dust in his eye and that this was a condition over which he had no control nor reasonable expectation.

The evidence is in dispute as to the reasonable care in management and control exercised by the defendant and his reasonable foresight as to the blowing dust.

We believe, under the evidence in this case, that the jury could find the defendant-driver was not negligent

as to management and control because of an emergency not of his making. We further conclude the trial court was correct in its determination that the emergency instruction should be given to the jury and its application decided by the jury.[3]

The credible evidence in the record most favorable to the defendant-driver does support a finding that defendant was confronted with an emergency that excused him from otherwise negligent conduct. The verdict must be upheld.

The plaintiff-appellant also claims it was error to allow the custodian of the plaintiff's employer to testify as to his medical employment records and to receive these records in evidence. The trial court received the records as ordinary and regular business records and further concluded no medical privileged communication was involved. We agree and will not discuss the matter further because the finding of no negligence supports the legal conclusion of no liability and, as such, defeats the plaintiff's claim.

*By the Court.*—Judgment affirmed.

---

[3] *See Geis v. Hirth* (1966), 32 Wis. 2d 580, 587, 146 N. W. 2d 459. We have considered the cases cited by the plaintiff-appellant but conclude they are all distinguishable.