416 So.2d 35 (1982)
Eddie Moses CHEATEM a/k/a Eddie Moses Cheatham, Appellant,
v.
STATE of Florida, Appellee.
No. 80-270.
District Court of Appeal of Florida, Fourth District.
June 30, 1982.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ondina Felipe, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
Appellant was charged with carrying a concealed firearm. Upon denial of his motion *36 to suppress, he pleaded nolo contendere to the charge, reserving his right to appeal the court's ruling. The trial court withheld adjudication and placed appellant on probation for three years. This appeal followed. We affirm.
In May of 1979 Officer Tozzie of the Wilton Manors Police Department observed that the vehicle appellant operated did not display a plainly visible license plate or a valid, unexpired inspection certificate. Both are required by sections 316.605 and 316.610, Florida Statutes (Supp. 1978), respectively. The officer followed appellant out of the Wilton Manors city limits into the City of Oakland Park where he stopped appellant. While appellant ostensibly was looking for his vehicle registration, the officer observed him pushing a towel down between the console and the front seats. Concerned for his own safety, the officer asked appellant to step out from, and to the rear of, the vehicle. The officer then looked underneath the towel and found a .357 Magnum.
Appellant first contends that the fruits of the search should be suppressed because the officer acted outside his territorial jurisdiction without legal authority. We disagree.
Sub-sections one and two of section 901.25, Florida Statutes (Supp. 1978), authorize an officer to arrest a person outside his jurisdiction when in fresh pursuit. Fresh pursuit is defined in sub-section one as follows:
The term "fresh pursuit" as used in this act shall include fresh pursuit as defined by the common law and also the pursuit of a person who has committed a felony or who is reasonably suspected of having committed a felony. It shall also include the pursuit of a person suspected of having committed a supposed felony, though no felony has actually been committed, if there is reasonable ground for believing that a felony has been committed. It shall also include the pursuit of a person who has violated a city ordinance or committed a misdemeanor. (Emphasis added).
Under this statute, the State needed to show that the pursuit of appellant was justified by one of the specifically enumerated categories. Of course, no felony is involved here and the common law definition of fresh pursuit applies only to felony cases.[1] Moreover, appellant did not commit a misdemeanor, even though he did disobey certain traffic laws.[2] He, however, did violate Ordinance No. 349 of the City of Wilton Manors, which adopted the "Florida Uniform Traffic Control Law," chapter 316, Florida Statutes (1971). The ordinance was in effect on the date of appellant's arrest.[3]
We also disagree with appellant's second contention that the warrantless search that followed the stop was improper. In Stevens v. State, 354 So.2d 110, 111 (Fla. 3d DCA 1978), while appellant was checking his driver's license, he "was observed making motions toward an object wrapped in a towel and concealed in the front seat." Such facts reasonably justified conducting a search. Similarly, in Brown v. State, 358 So.2d 596, *37 599 (Fla. 2d DCA 1978), the search was upheld when the occupant of the vehicle "shoved his hand under the armrest as if to conceal or retrieve something."
AFFIRMED.
DOWNEY, J., and PEARSON, DANIEL S., Associate Judge, concur.
NOTES
[1] Carson v. Pape, 15 Wis.2d 300, 112 N.W.2d 693 (1961); Gattus v. State, 204 Md. 589, 105 A.2d 661 (1954); Black's Law Dictionary 600 (5th ed. 1979).
[2] When section 901.25 was amended in 1978 by the Florida Legislature, violations of sections 316.605 and 316.610 were deemed to be infractions by section 316.655(1), Florida Statutes (1977). In turn, an infraction was defined in section 318.13(3), Florida Statutes (1977), as:

a noncriminal violation which is not punishable by incarceration and for which there is no right to a trial by jury or a right to court appointed counsel.
Section 318.13, Florida Statutes (1974), was part of the Florida Uniform Disposition of Traffic Infractions Act enacted by the Legislature in 1974. In the same year, section 316.026, which subsequently became section 316.655, was also enacted.
[3] Appellant points out that when the city adopted chapter 316, the relevant statutes were sections 316.284 and 316.285; and that when the Legislature renumbered the sections to 316.605 and 316.610 respectively, the city made no corresponding adoptive ordinance. Had there been a substantive change in these sections, we may have considered the failure of the city to adopt chapter 316 as it then existed "or as hereinafter amended." The mere renumbering of the sections did not warrant such consideration.